HARDY, Judge.
This is an expropriation suit in which plaintiff took certain property located in the City of Monroe and deposited, as just compensation for the value of land and improvements, the sum of $43,500.00. Named as defendants were Mrs. Bessie Spruell, Kellogg Oil Company, Inc. and Shell Oil Company as owner, lessee and sub-lessee, respectively. After trial there was judgment fixing the market value of the property taken in the full sum of $60,888.00, from which judgment the plaintiff has appealed.
*598 The property involved in this action consists of a lot located about eight blocks from the main business district of the City of Monroe on the corner of two principal thoroughfares. The property is irregular in shape, fronting 135.73 feet on Layton Avenue, running for a depth of 78.40 feet on Catalpa Street and containing 10,342.6 square feet. A gasoline service station was built on the property some nine years prior to the initiation of the expropriation suit and the property continued to be used in a service station operation. The certificate of value executed by the two appraisers employed by plaintiff fixed the valuation of the land and improvements at $43,500.00.
The principal issue presented by this appeal relates to the valuation of the property and the fixing of just compensation to the defendants. However, certain other issues have been injected by appellant which must be considered and disposed.
Mrs. Spruell, the record owner of the property, did not file an answer to plaintiff’s petition. Defendant, Kellogg Oil Company, alleging its interest as owner or “contract vendee” of the property by reason of the exercise of an option to purchase incorporated in its lease from Mrs. Spruell, and Shell Oil Company, asserting an interest identified with that of Kellogg to the extent of a lien securing the outstanding balance of a loan to Kellogg, filed answers by which they sought an increase in the valuation of the property above the amount of the deposit tendered by plaintiff.
Plaintiff filed a petition for final judgment based upon the fact that no answer had been filed, which petition was denied. Thereafter, plaintiff filed an exception of no right or cause of action as against Kellogg and Shell, which exception was referred to the merits and overruled in accordance with written reasons assigned by the district judge.
Before this court appellant specifies error on the grounds that (1) a lessee (Kellogg) exercising an option to purchase which has not been completed by the execution of a formal act of conveyance has no right of ownership; and (2) the court, after rejecting the testimony of defendant’s witnesses, should have accepted the conclusion of plaintiff’s expert appraiser as to value.
Most of the argument as set forth in briefs of learned counsel for the respective parties in this case has been devoted to the question of Kellogg’s right to claim an interest in the award of compensation on the basis of ownership of the expropriated property. We think these arguments, pro and con, are irrelevant for the reason that they are based upon a complete misconception of the nature of the action. For the sake of a better understanding of the basis for this conclusion, we set forth the material facts bearing upon this point as follows:
A written and recorded lease agreement covering the property described was executed on November 17, 1951, by Mrs. Bessie Spruell as lessor in favor of Walter W. Kellogg as lessee. The defendants, Kellogg Oil Company and Shell Oil Company, acquired their rights by proper assignments of the leasehold interest. The primary term of the lease agreement was fixed at a period of ten years beginning December 1, 1951, and the agreement included the right to purchase the leased property during the term of the lease for a consideration of $12,000.00 cash, subject to written notice of the intention to exercise the purchase option not later than sixty days before the date of expiration of the lease. The agreement further provided that after notice of intention to exercise the option a warranty deed should be executed and the recited consideration paid not later than November 30, 1961, the expiration date of the primary term fixed by the lease.
In compliance with the provisions of the lease, on June 3, 1960, more than nine months prior to the institution of this condemnation suit, the defendant, Kellogg Oil Company, gave written notice to the lessor, the defendant Mrs. Bessie Spruell, of its intention to exercise the option. The acceptance of this notice was duly evidenced by the *599 defendant, Mrs. Spruell, under date of June 13, 1960.
On the basis of the above facts, which are not open to dispute, it is clear that at the time this condemnation proceeding was initiated the defendant, Mrs. Spruell, was the record owner of the property and the defendant, Kellogg Oil Company, was the record lessee, which, however, by the exercise of its option to purchase had become vested with a right to ownership of the property. Concededly, the rights of Shell Oil Company are co-extensive with those of Kellogg.
Plaintiff’s petition for final judgment was based upon the proposition that Mrs. Spruell, the owner of the property, had filed no answer to this suit and that, inasmuch as the answers of the lessees made no claims against the State in such capacity, their answer could not be regarded as placing at issue the question of ownership upon which they based their claims for compensation. The exception of no right and no cause of action was based upon the same proposition.
We find no necessity for detailed consideration of appellant’s contentions that the defendants, Kellogg and Shell, have no right of ownership which would justify their claims to compensation. We sustain this conclusion by reference to plaintiff’s pleadings. The original petition, as above noted, named the three defendants as having interests in the subject property. The petitioner prayed for an order directing it to deposit the sum of $43,500.00 “ * * * for payment to the person or persons entitled thereto, * *
Subsequent to judgment of condemnation and deposit of the amount tendered, the defendants filed a motion to withdraw the deposit and, under order of the court, $12,-000.00 of the amount thereof was paid to Mrs. Bessie Spruell “ * * * as the former owner and contract vendor of the land herein expropriated * * * ”; and $31,-500.00 was paid to Shell Oil Company as creditor and for the account of Kellogg Oil Company, Inc. This motion was approved by counsel for plaintiff.
After trial on the merits and judgment ordering an increase in the valuation of the property taken, plaintiff deposited the additional principal amount, with interest. Upon motion by the defendants, Kellogg and Shell, accepted by counsel for plaintiff, the court ordered the entire amount of the additional deposit paid over to the defendant, Kellogg.
Before this court the brief of counsel for appellant concludes with the following paragraph :
“WHEREFORE, appellant prays that the Court sustain the exception of no right or cause of action and grant judgment based upon the State’s deposit of Forty-three Thousand Five Hundred and No/100 Dollars ($43,500.00) and in the alternative held [hold] that the defendants have not sustained the burden of proof, that just compensation exceeds the State’s deposit of Forty-three Thousand Five Hundred and No/100 ($43,500.00) Dollars.”
In our opinion the plaintiff is bound by the recitals of its own pleadings and has no interest in contesting the division of the proceeds in whatever manner has been agreed by the parties which it named as defendants. In Texeramics, Inc. v. United States (U. S. Court of Appeals, 5th Circuit, 1957), 239 F.2d 762, the court held that the expropriating authority, that is, the United States, as a stranger to the option contract of purchase between other parties, could not assert a defense to the claim of a lessee based upon the option agreement.
In the instant case the invalidity of plaintiff’s argument is obvious. Plaintiff does not complain that defendant, Kellogg, is not entitled to share in the amount originally tendered as just compensation, and, in fact, it has evidenced its acceptance of the distribution of this sum. We cannot conceive upon what basis plaintiff now at *600 tempts to bar the defendant, Kellogg, from its right to an additional sum resulting from the increased valuation of the property as .fixed by the trial court.
Despite the unfortunate necessity for the above detailed consideration, we think the only valid issue presented by this appeal relates to the factual question of the valuation of the property taken.
Plaintiff’s principal objection to the action of the trial judge in increasing the valuation is found in the contention that the court substituted its own opinion for that of the plaintiff’s expert witnesses. It is true that the court rejected much of the opinion testimony of defendant’s witnesses and concluded that the valuations fixed by these witnesses appeared to be estimates without a proper supporting foundation. However, the court gave little, if any, weight to the testimony of one of plaintiff’s expert witnesses. The conclusions of the court were responsive to a painstaking analysis of the testimony of the only other expert witness tendered on behalf of the plaintiff.
We find it unnecessary to recapitulate in detail the careful discussion of the trial judge as set forth in his written reasons for judgment. His analysis of the testimony of plaintiff’s expert witness and his conclusion are abundantly substantiated by the record. The judge fixed the value of the land, without the improvements, as being $40,719.00, an increase of $8,335.00 over the value fixed by plaintiff’s expert witness. The court accepted the valuation of the improvements as made by plaintiff’s expert, subject to the addition of the value of underground storage tanks in the sum of $1,918.00, which was omitted from consideration by said expert.
We are unable to find any basis for the charge that the district judge attempted to substitute his own opinion for competent expert testimony. On the contrary, our examination of the record has convinced us that our learned brother recognized and accepted the probative weight of all the evidence adduced and his conclusion as to value, therefore, accords with the accepted methods of determination; State v. McNeely (2nd Circuit, 1961), La.App., 130 So.2d 136.
Finally, we come to consideration of a question which has been presented by an answer to plaintiff’s appeal filed on behalf of defendant-appellee, Kellogg Oil Company, Inc.
By order of date December 22, 1961, the district judge ordered plaintiff to pay the defendant, Kellogg, an amount of $100.00 as reasonable expenses incurred by said defendant in compelling answers to discovery. Application for writs was filed with this court by plaintiff, which application was denied. Subsequently, plaintiff applied to the Supreme Court for writs and the application was granted. Judgment was rendered by the Supreme Court affirming the judgment of the trial court and remanding the case for further proceedings and application for rehearing was refused on June 29, 1962. On July 3, 1962, defendant filed a motion in the district court praying for the allowance of additional expenses and attorney’s fees incurred in connection with its presentation before the Supreme Court. This motion was denied by the trial court on the ground that it was without jurisdiction to increase the award.
Defendant’s answer to the appeal prays that the additional expenses and attorney’s fees be awarded by judgment of this court, or, alternatively, that the case be remanded for the purpose of receiving evidence with respect to this claim.
The question before us is whether the district judge erred in denying jurisdiction-to hear and determine defendants’ claim for the allowance of additional expenses and attorney’s fees. We are unable to find any precedent or authority of any nature on this, particular point. However, it is our opinion-that the district court is vested with jurisdiction to hear and determine the asserted claim, subject to the right of appeal after determination thereof.
*601 For the reasons assigned, this case is remanded to the Honorable the Fourth Judicial District Court in and for the Parish of Ouachita, State of Louisiana, with instructions that the said court receive evidence bearing upon the additional expenses and attorney’s fees incurred on behalf of defendant, Kellogg Oil Company, Inc., and to pronounce judgment thereon. The right of any party to this litigation, prejudiced by such judgment as may be rendered, to an appeal is specifically reserved.
Subject to the above order of remand and proceedings pursuant thereto, the judgment appealed from is affirmed at appellant’s cost.