BELL, Appellant,

v.

HORTON et al.; Whitten, Appellee.

[Cite as *Bell v. Horton* (1996), 113 Ohio App.3d 363.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95CA2170.

Decided Aug. 9, 1996.

*Hapner & Hapner* and *Jon C. Hapner,* for appellant.

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere,* for appellee.

---

HARSHA, Judge.

This is an appeal by appellant Rodney Bell from a judgment of the Ross County Court of Common Pleas granting appellee Robert Whitten's motion for summary judgment.[1]

This case arises out of appellee's alleged interference with appellant's real estate contract. It appears that appellant entered into an oral contract to sell at least one parcel of real estate to Kenneth Moody. Moody intended to install a modular home on the real estate and resell the improved property to Teresa Blazer or her family. Appellant contends that, prior to consummating the initial sale to Moody, appellee made certain statements to Moody and Blazer which led them to decide not to purchase the property.

As a result, appellant filed this lawsuit claiming that appellee had tortiously and maliciously interfered with his oral contract to sell the land to Moody. Appellee later filed a motion for summary judgment, which appellant opposed. On December 1, 1995, the trial court granted appellee's motion for summary judgment. The court held that there was no enforceable contract between appellant and either Moody or Blazer with which appellee could have interfered. Appellant timely appealed that judgment.

Appellant now assigns the following error for our review:

"The trial court erred in finding that the plaintiff had no enforceable contract, since the defense of a written contract to comply with the Statute of Frauds belongs to the contracting parties (either Kenneth Moody or Teresa Blazer) and cannot be used as a defense by Robert Whitten, a third party."

■ In reviewing a motion for summary judgment, the lower court and the appellate court utilize the same standard, *i.e.,* we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been estab-

---

1. Although requested by appellant, the clerk of court's office did not include a certified copy of the complaint as part of the record transmitted to us. Despite its absence, however, it is apparent that this case involves multiple parties and/or claims. The trial court's entry regarding summary judgment between these parties included the appropriate Civ.R. 54(B) language necessary to make this a final appealable order.

lished: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884. The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial, and for which the moving party has met its initial burden. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, and *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 40, 623 N.E.2d 591, 594.

The Supreme Court of Ohio has expressly recognized the tort of tortious interference with a contractual relationship. See *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863, paragraph one of the syllabus. In that decision, the court also held that in order for a person to recover on such a claim, he must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damage. *Id.* at paragraph two of the syllabus.

█ With regard to this first element, we must initially determine whether a valid and enforceable contract exists in this case. Ohio's Statute of Frauds, R.C. 1335.05, provides:

"No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

That is, if a contract falling within the Statute of Frauds is not properly memorialized in a signed writing, the statute renders the otherwise valid agreement unenforceable.

█ The trial court in this case found that appellant did not introduce a signed, written contract for the sale of the real estate into the record. In the absence of such evidence, and pursuant to the Statute of Frauds, we must hold as a matter of law that there is no valid and enforceable contract for the sale of real estate between appellant and either Moody or Blazer.

We must now determine whether appellant can state a cause of action for tortious interference with a contractual relationship based on an unenforceable contract. Appellant claims that a defense to a contract on the grounds of the Statute of Frauds is personal to the contracting parties only and is consequently unavailable as a defense to a third party such as appellee. After carefully researching this issue, however, we find appellant's argument unpersuasive.

In this case, appellant's claim that appellee tortiously interfered with his contractual relationship with Moody or Blazer must fail as a matter of law. Even before the Supreme Court's recent decision in *Kenty, supra,* several appellate courts in Ohio had also held that a valid and enforceable contract is required in order to maintain a tortious interference claim.

The Ninth Appellate District in *Garg v. Venkataraman* (1988), 54 Ohio App.3d 171, 174, 561 N.E.2d 1005, 1009–1010, held that the defendants could not be held liable for interfering with a contract that violated the Statute of Frauds because the plaintiff could not recover any damages on such an unenforceable contract. The Eighth Appellate District has likewise held that recovery for the tortious interference with a contract is precluded when the contract is barred by operation of the Statute of Frauds. *Cleveland Growers Marketing, Inc. v. Greenberg* (May 20, 1993), Cuyahoga App. No. 62473, unreported, 1993 WL 172970. Finally, the Second Appellate District has most recently held that a cause of action for tortious interference with a contract requires the existence of an enforceable contract as an essential element. *Beaverpark Assoc. v. Larry Stein Realty Co.* (Aug. 30, 1995), Montgomery App. No. 14950, unreported, 1995 WL 516469.

Even construing the evidence in a light most favorable to the appellant, there is no genuine issue as to any material fact, and reasonable minds can only conclude that appellee is entitled to judgment as a matter of law, since one cannot interfere with a contract that does not exist.[2]

Therefore, the trial court in this matter properly granted summary judgment in favor of appellee. The judgment of the Ross County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STEPHENSON and KLINE, JJ., concur.

---

2. One can, however, tortiously interfere with a prospective business relationship. See *A & B– Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council* (1995), 73 Ohio St.3d 1, 14, 651 N.E.2d 1283, 1294. That issue is not before us.