This timely appeal arises from the trial court's decision to grant summary judgment to Appellee, National City Bank, N.E. For the following reasons, we affirm the decision of the trial court.
Appellant, Mary L. Halstead, n.k.a. Mary L. Hadorn, signed a retail installment sales contract as second buyer of a car purchased by Charles R. Poling. The contract was eventually assigned to Appellee. Poling and Appellant failed to make timely payments pursuant to the contract. On February 23, 1998, Appellee filed a complaint in East Liverpool Municipal Court demanding judgment for, one-thousand five-hundred eighty-two dollars and eighty-eight cents ($1,582.88) plus interest on the defaulted contract. Service was obtained on Appellant, but not on Poling.
On March 17, 1998, in an apparent answer to the complaint, Appellant filed a copy of a letter she had sent to Appellee. The letter did not adequately respond to all of the allegations in the complaint, but within it Appellant did admit that she was a co-signor on the contract. Her "answer" further suggested that prior to the filing of the complaint, she received a letter from Appellee's counsel stating that the collateral on her loan had been sold and that she was responsible for the balance owing on the loan.
On May 4, 1998, Appellee served Appellant with combined interrogatories, requests for admissions and requests for production of documents. Appellant never responded to these requests.
Up to this point, Appellant had proceeded pro se. On June 9, 1998, counsel for Appellant filed a notice of appearance. On the same day, Appellant served Appellee with a request for production of documents. On July 20, 1998, Appellee filed notice that it responded to Appellant's request. On that day Appellee also filed a motion for summary judgment. Appellant did not respond to Appellee's motion. On August 8, 1998, the trial court granted summary judgment to Appellee in the amount of $1,582.88 with accrued interest in the amount of $495.73 plus continuing interest at the rate of 12.25 percent per annum.
On September 3, 1998, Appellant filed her notice of appeal. Her first assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE."
Appellant argues that summary judgment was improper as genuine issues of material fact remained in dispute. Appellant's argument is centered on her assertion that she did not receive notice that the collateral securing the installment loan contract would be sold. Appellant argues that without proper notice of such sale, she was unable to remedy any default on the contract to avoid repossession or a possible deficiency judgment. As such, Appellant concludes that Appellee's actions were not commercially reasonable within the meaning of R.C. § 1309.47 (C) and that Appellee was therefore not entitled to judgment as a matter of law.
Appellee responds that Appellant's failure to answer the request for admissions conclusively established that Appellant executed the contract, defaulted on it and owed the balance as stated in the complaint. Appellee concludes that as these facts were conclusively established, without response in opposition to judgment from Appellant, summary judgment was proper. Appellee further states that Appellant's argument concerning notice requirements of the sale of the collateral are irrelevant as the collateral was never sold, but merely deemed "unusable." For all of the following reasons, Appellant's assignment of error lacks merit.
Civ.R. 56 (C) states in part:
 "* * * Summary Judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor * * *"
When reviewing a motion for summary judgment, an appellate court must review the judgment independently, giving no deference to the trial court's decision. Bell v. Horton (1996), 113 Ohio App.3d 363,365. In addition, summary judgment under Civ.R. 56 is proper where:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346 quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
Where a party fails to respond to written requests for admissions, such failure constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56 (C) in a case of summary judgment.Klesch v. Reid (1994), 95 Ohio App.3d 664, 675; Dobbelaere v.Cosco, Inc. (1997), 120 Ohio App.3d 232, 244. However, even where a non-moving party completely fails to respond to a motion for summary judgment, a decision to grant the motion is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the non-moving party. Morris v. OhioCas. Ins. Co. (1988), 35 Ohio St.3d 45, 47.
In the present matter, Appellant was properly served with a complaint on March 3, 1998. The complaint alleged that Appellant had executed a retail installment sales contract (a copy of which was attached to the complaint), that the contract was assigned to Appellee, that Appellant defaulted on the contract, that Appellant owed $1,582.88 plus interest and that demand had been made on Appellant to liquidate the balance due but that Appellant failed to do so.
Appellee properly served combined interrogatories, a request for admissions and a request for production of documents on Appellant on May 4, 1998. Appellant failed to respond to these requests within the statutory minimum time period of twenty-eight days as stated in Civ.R. 36 (A). In these documents, Appellant was requested to admit, among other things, that she had executed the retail installment sales contract, that she had received the vehicle listed in the contract, that she failed to make payments under the terms of the contract, that there was an amount due and owing under the terms of the contract and that this amount was the sum prayed for in the complaint. Appellant also admitted in the letter filed with East Liverpool Municipal Court on March 17, 1998, which served as her answer, that she was a co-signer on the contract.
There being no dispute as to the debt, the default on that debt and the amount of debt, and given appellant's admission that she co-signed the installment contract, reasonable minds could only conclude that Appellant owed Appellee pursuant to the contract and as stated in the complaint. Accordingly, summary judgment was appropriately rendered in favor of Appellee.
Appellant's argument with respect to the notice requirements necessary after a secured party repossesses collateral has no bearing on the present matter. If Appellee was seeking a deficiency balance under R.C. § 1309.45 (4) (a) or R.C. §1309.47 (B), Appellant's argument may have merit. Here, however, Appellant's claim before this Court that the collateral was repossessed and sold does not present a question of fact material to this case. Appellee is not claiming a deficiency balance nor does the record reflect that the collateral has been repossessed. Rather, Appellee has asserted its right as a secured party to have its claim reduced to judgment pursuant to R.C. §1309.44 (A). In addition, Appellant may not rest on the allegations in the pleadings, that is, the letter which was accepted as an "answer," but must set forth specific facts showing that there is. an issue for trial. Civ.R. 56 (E); Stone v.Natl. City Bank (1995), 106 Ohio App.3d 212,217. Appellant has wholly failed in this regard.
For the foregoing reasons, we overrule Appellant's first assignment of error.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT WITHOUT AFFORDING APPELLANT A HEARING."
Appellant argues that she filed a request for a pretrial hearing on March 23, 1998, in response to a letter that the trial court sent to her on March 20, 1998. As the hearing was never scheduled, Appellant argues that she was denied due process of law. Appellant cites no authority to support her argument. As to this assignment, Appellant's arguments also fail.
We have held that, "[t]he trial court is not required to hold an oral hearing on a summary judgment motion." Millcreek PlazaCo. v. Record Town, Inc., (Nov. 19, 1998) Mahoning App. No. 96 C.A. 153, unreported, 3, citing Potter v. Troy (1992),78 Ohio App.3d 372. Rather, it is within a trial court's discretion to decide a motion for summary judgment without oral hearing.Potter v. Troy, 378. We will not reverse the trial court decision in this regard absent an abuse of discretion, which connotes that the court's attitude was unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleve. Elec.Ilum. Co. (1991) 60 Ohio St.3d 120, 122.
In the present matter, we find no abuse of discretion in the trial court. Appellee did not request an oral hearing on its motion for summary judgment. In her failure to respond to Appellee's motion in any way, it is clear that Appellant did not request a hearing specifically on the matter of summary judgment. Appellant's request for a pretrial hearing on March 23, 1998, could not be related to the summary judgment request as it substantially pre-dated Appellee's motion. It appears that Appellant may have made such request in response to the suggestion of the clerk of courts that she do so to aid her defense, as she was proceeding pro se at that time. However, as we have noted, Appellant obtained counsel prior to the filing of Appellee's motion for summary judgment. It was incumbent upon her counsel to respond to Appellant's motion and to request an oral hearing if so desired.
As earlier stated, Appellant's failure to respond to Appellee's requests and pleadings conclusively established the material facts of the claim. As such, it was not necessary for the trial court to orally hear any arguments. Appellant cannot claim error on the part of the trial court because it did not entertain her oral argument when her total failure to respond to certain requests and to the summary judgment motion resulted in the facts of the matter being conclusively established. As such, we find no abuse of discretion by the trial court and overrule this assignment of error.
For all the foregoing reasons, we affirm the judgment of the trial court.
Cox, P.J., dissents; see dissenting opinion, Vukovich, J., concurs.