OPINION
This timely appeal arises from a Judgment Entry of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellees in a medical malpractice case. For all of the following reasons, this Court affirms the judgment of the trial court.
The underlying procedural history of the case at bar is undisputed by the parties. On July 2, 1992, Houston G. Saffold ("Appellant") filed a pro se complaint in the Trumbull County Court of Common Pleas alleging medical malpractice against a number of defendants. The relevant named defendants, for purposes of the instant appeal, were Chandler M. Kohli, M.D. ("Kohli"), Terry A. Puet, M.D. ("Puet") and the Hillside Rehabilitation Hospital/Director of the Hillside Rehabilitation Hospital ("Hillside").
On September 24, 1992, Appellant voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41 (A). On May 14, 1998, Appellant re-filed the complaint in the Mahoning County Court of Common Pleas. This, complaint again named Kohli, Puet and Hillside as defendants and alleged the same cause of action as in the original complaint. The new complaint also included a new defendant, Robert L. Gilliland, M.D. ("Gilliland").
On September 25, 1998, Appellees Puet and Kohli filed a joint motion for summary judgment arguing that the May 14, 1998, complaint contained the same allegations as the complaint Appellant voluntarily dismissed on September 24, 1992, and that Appellant had failed to re-file the complaint within the one year deadline provided for in R.C. § 2305.19. On October 15, 1998, Appellee Hillside filed a motion for summary judgment based on. the same grounds asserted by Appellees Puet and Kohli. Appellee Gilliland filed a motion for summary judgment on October 21, 1998, arguing that Appellant's medical malpractice claim against him was barred by the one year medical malpractice statute of limitations pursuant to R.C. § 2305.11.
On March 11, 1999, the trial court filed its Judgment Entry granting the summary judgment motions filed by Appellees Puet, Kohli, Gilliland and Hillside. It is this judgment which forms the basis for the present appeal. In his sole pro se assignment of error, Appellant argues that:
 "THE TRIAL COURT SHOULD NOT HAVE GRANTED SUMMARY JUDGMENT IN A MALPRACTICE CASE IN WHICH THE PLAINTIFF'S AND DEFENDANT'S [SIC] AFFIDAVITS WERE IN CONTRADICTION. THE TRIAL COURT ABUSED ITS DISCRETION."
When reviewing a trial court's granting of summary judgment, we review the evidence de novo, and apply the same standard used by the trial court. Varisco v. Varisco (1993), 91 Ohio App.3d 542,543, citing Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829; Bell v. Horton (1996), 113 Ohio App.3d 363,365. In addition, summary judgment under Civ.R. 56 is only proper when the movant demonstrates that:
 "(1) No genuine issue as to any material fact remains to be litigated;
 "(2) the moving party is entitled to judgment as a matter of law; and
 "(3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. These factors make it clear that summary judgment should be granted with caution, being careful to resolve doubts in favor of the nonmoving party. Id.
The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying those portions of the record showing that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must be able to point to some evidence of the type listed in Civ.R. 56 (C) that affirmatively demonstrates that the nonmoving party has no evidence to support its claim. Id.
If this initial burden is met; the nonmoving party has a reciprocal burden to, "* * set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be granted."Id.
In the case at bar, there are two separate and distinct statutory sections which operate to bar Appellant's claims against Appellees. As such, this Court will address the issue presented for appeal in light of these different statutes.
A. R.C. § 2305.19 and Appellees Puet, Kohli, and Hillside.
In Ohio, if a plaintiff timely commences an action which is voluntarily dismissed after the applicable statute of limitations has expired, the plaintiff may employ R.C. § 2305.19 (Ohio's "Saving Statute") and re-file the action within one year of the date of dismissal. That statutory section provides in relevant part as follows:
 "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date . . ."
R.C. § 2305.19. (Emphasis added).
In the instant case, Appellant voluntarily dismissed the complaint against Appellees Puet, Kohli and Hillside on September 24, 1992. Viewing this in the light most favorable to Appellant, this Court presumes that the original action was timely filed. Therefore, pursuant to the plain language of R.C. § 2305.19, Appellant had until September 24, 1993, to re-file the complaint. It is undisputed that Appellant did not recommence his action against Appellees until May 14, 1998, more than five (5) years after the original dismissal.
In support of their respective motions for summary judgment, Appellees Puet, Kohli and Hillside attached copies of the original complaint as well as a copy of the notice of dismissal to demonstrate the fact that Appellant's most recent complaint was time barred. As such, the burden shifted to Appellant to point to specific evidence in the record that would create a genuine issue of material fact as to the applicability of Ohio's Saving Statute or some other statute of limitation favorable to his cause. This he failed to do.
In his response to Appellees Puet and Kohli's motion for summary judgment, Appellant submitted his own affidavit calling into question the date that Kohli last saw Appellant. Kohli had asserted that the last date he treated or saw Appellant was in May of 1991. Appellant presented evidence that Kohli may have actually treated Appellant as late as January of 1992.
Again, viewing the evidence in the light most favorable to Appellant, this contention is irrelevant. Assuming January of 1992 was the last date of treatment with Kohli, this was prior to the commencement of the original action. The original complaint was filed on July 3, 1992 and voluntarily dismissed on September 24, 1992. Pursuant to R.C. § 2305.19, Appellant had until September 24, 1993 to re-file the complaint. As such, Appellant has failed to demonstrate how his most recent complaint is not time barred. Having demonstrated the applicability of Ohio's Saving Statute, Appellees Puet, Kohli and Hillside have demonstrated that there is no genuine issue of material fact and that they are each entitled to judgment as a matter of law.
B. R.C. § 2305.11 and Appellee Gilliland
As Appellee Gilliland was not a party to the original complaint, Gilliland does not rely on the saving statute. Instead, he argues that the claims against him are barred by the statute of limitations. In Ohio, the applicable statute of limitations for bringing a medical malpractice case is codified in R.C. § 2305.11. That statutory section provides in relevant part as follows:
 "(B) (1) Subject to division (B) (2) of this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action has accrued . . .
"* * * * *
 "(B) (2) (a) In no event shall any action upon a medical, dental, optometric, or chiropractic claim be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim."
A cause of action for medical malpractice accrues when the patient discovers, or should have discovered, the resulting injury or when the physician-patient relationship is terminated, whichever occurs later. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of syllabus. In support of his motion for summary judgment, Gilliland submitted his own affidavit which asserts, among other defenses, that the last time Gilliland had any contact with Appellant was on December 27, 1991.
Appellant's response to Gilliland's motion was utterly silent as to the last date of treatment. Indeed, other than a bare-bones conclusory allegation that, "Robert L. Gilliland did commit malpractice against [Appellant]" Appellant's complaint does not provide any dates of treatment or any other details supporting his allegation of medical malpractice, such as the nature of the alleged injury or when he discovered the alleged injury. (Complaint, "Sixth Cause of Action"). Therefore, the only evidence before this Court as to when Appellant's medical malpractice cause of action accrued, for purposes of the statute of limitations, is the last date of treatment as asserted by Gilliland in his affidavit supporting his motion for summary judgment, December 27, 1991. Applying the statute of limitations pertaining to medical malpractice claims in a light most favorable to Appellant, the complaint against Gilliland must have been filed by December 27, 1992 to avoid being time-barred.
In addition to the statute of limitations, the statute of repose codified in R.C. §§ 2305.11(B) (2) (a) and (b) prevents the maintenance of a medical malpractice claim if commenced more than four (4) years after the alleged occurrence or omission which forms the basis of the claim, despite the last date of treatment or the date the alleged malpractice is discovered. In this case, Gilliland provided the trial court with an affidavit asserting the last date of treatment was December 27, 1991. In order to prevent being barred by the statute of repose, Appellant must have filed his complaint against Gilliland by December 27, 1995. By waiting until May 14, 1998, to assert his claims, the statute of repose bars his action against Gilliland by operation of law,regardless of when the alleged cause of action accrued. R.C. § 2305.11 (B) (2) (b); Sedar v. Knowlton Const. Co. (1990),49 Ohio St.3d 193, 195.
Although Appellant asserts that his affidavit and the affidavits of Appellees are in conflict, such conflict exists only with respect to the last dates Kohli and Puet treated Appellant. Again, using the dates asserted by Appellant and viewing the evidence in a light most favorable to him, it is clear that Appellant's claims are time-barred. Appellant failed to meet his reciprocal evidentiary burden in order to survive the multiple motions for summary judgment. Having failed to do so, Appellees' contention that there are no genuine issues of material fact in dispute was left unchallenged. Thus, the trial court properly determined that Appellees were entitled to judgment as a matter of law.
Appellant, nevertheless, contends that the medical malpractice statute of limitations does not apply in this case because his complaint contains allegations of fraud. The allegations, however, are mere conclusory statements that Appellees committed fraud. Appellant provides no details or any evidence supporting these allegations and has failed to plead with specificity as required by Civ.R. 9 (B).
The relevant statute of limitations is not determined by the, "form of the pleading, but rather, by the gist of the complaint." Viok v. Stowe-Woodward Co. (1998), 13 Ohio App.3d 1378,1382. In this case, the "gist of the complaint" is no more than a number of bald and conclusory allegations that Appellees, "committed both medical malpractice and fraudulent concealment," against Appellant. (Complaint). When Appellees moved for summary judgment and submitted evidence that this case was only one alleging medical malpractice, Appellant had the reciprocal burden of pointing to some evidence in the record indicating that he had an independent and viable cause of action based on fraud. Appellant presented no evidence whatsoever and elected to rest on the mere allegations contained in his pleadings. These are not sufficient to survive a motion for summary judgment. Dresher,supra, 75 Ohio St.3d at 293.
This Court next addresses Appellant's contention that the trial court should have afforded him more procedural leeway since he was unrepresented by counsel. Specifically, Appellant argues that the trial court had, "a duty to order [Appellant] to either amend, or supplement his complaint before it could grant summary judgment or dismiss the action if there was a deficiency in the pleadings, etc." (Appellant's Brief, p. 5). Appellant is mistaken. This Court has previously explained that pro se civil litigants are to be held to the same standards as litigants who retain counsel. Jancuk v. Jancuk (Nov. 24, 1997), Mahoning App. No. 94 C.A. 221, unreported; Nentwick v. Nentwick (Feb. 18, 1998), Jefferson App. No. 96-JE-27, unreported. As such, Appellant's argument to the contrary lacks merit.
Finally, Appellant argues that the trial court prematurely granted Appellees' motions for summary judgment. Civ.R. 56 (C) states that, "the motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing." The Ohio Supreme Court has interpreted this language to mean that a motion for summary judgment must be served at least fourteen days before the date on which the court issues its entry granting the motion, whether or not there is a hearing scheduled on the motion. State ex rel. Freeman v. Morris (1992), 65 Ohio St.3d 458,460; State ex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467,472.
In the case at bar, Appellant was served with the three summary judgment motions on September 25, 1998, October 15, 1998, and October 21, 1998. The trial court did not rule on these motions until March 11, 1999, over four months after the last motion was served. Therefore, the trial court more than complied with the time-frame contemplated by Civ.R. 56 (C) as interpreted by our highest court.
Finding no merit in any of the arguments put forth by Appellant, Appellant's sole assignment of error is overruled and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.
Vukovich, J., concurs, Donofrio, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE