OPINION
[¶ 1] This is a timely appeal from a judgment entered by the Mahoning County Court of Common Pleas granting summary judgment in favor of Mahoning County Engineer Richard A. Marsico, the Mahoning County Board of Commissioners, and Tri County Tree Specialists ("Appellees") and dismissing the complaint filed by Arthur Wolfcale, Jr., et al ("Appellants"). That complaint sounded in negligence and trespass and sought damages against Appellees for wrongfully cutting down trees on Appellants' property. For the reasons that follow, this Court affirms the judgment entered by the trial court.
[¶ 2] This is the second time that this matter has come before us. On June 21, 2000, this Court reversed a previous common pleas decision granting summary judgment in favor of Appellee Tri County inWolfcale v. Marsico (June 21, 2000), 7th Dist. No. 99 C.A. 22. Many of the facts underpinning this case were presented in the record of the first appeal, and, to the extent necessary, we refer to these in resolving the instant dispute. In Wolfcale I, we concluded that the record contained genuine issues of fact that precluded summary judgment in Appellee Tri County's favor. We also held that there was a factual dispute surrounding whether Appellants consented to the removal of their trees. If, as Appellants claimed, they objected to such removal, then they were entitled to treble damages under R.C. 901.51. Consequently, we remanded the matter for further proceedings.
[¶ 3] Appellants own property located on Leffingwell Road in Canfield, Ohio. Mahoning County has a right-of-way easement through Appellants' property running approximately thirty feet along either side of Leffingwell Road. There is a significant curve on Leffingwell in the vicinity of Appellants' property. Sometime in 1997, a fatal car accident occurred when a driver attempting to negotiate that curve lost control of his vehicle and crashed into one of the trees growing on Appellants' property within the county's right-of-way easement. The record reflects that in the wake of the crash, Appellee Marsico sought to prevent similar accidents in the future by hiring Tri County Tree Specialists ("Appellee Tri County") to remove some of the trees in the easement. Subsequently, and without Appellants' consent, Appellee Tri County cut down and removed twenty-one trees on Appellants' property and within the county's right-of-way.
[¶ 4] On November 18, 1997, Appellants sued Appellees alleging that Appellee Tri County had trespassed on Appellants' land and unlawfully removed the trees. Appellants demanded treble damages pursuant to R.C. 901.51. The parties filed cross motions for summary judgment. The trial court partially sustained Appellants' motion holding that Mahoning County was liable to Appellants under R.C. 5543.13 and the Ohio Constitution's taking clause, Section 19, Article I, for the value of the trees removed but not treble damages. The trial court also granted Appellee Tri County's motion holding that it was not liable as a matter of law. (Judgment Entry, Jan. 4, 1999, p. 2).
[¶ 5] Appellants appealed to this court and, on June 21, 2000, we reversed and remanded the matter to resolve factual questions with respect to Appellee Tri County's liability and to ascertain whether the treble damage provision under R.C. 901.51 was warranted under the facts of the case. Wolfcale I, supra.
[¶ 6] On remand, the trial court concluded that Appellees were liable for taking Appellants' trees without consent or compensation and that treble damages would be proper under R.C. 901.51. The court then set the matter for a hearing to determine damages. Specifically, the court set the matter, "to hear evidence regarding how much the removal of the trees has affected the value of Plaintiffs' property, as well as any other relevant information on the issue of damages." (Judgment Entry, July 18, 2001, p. 3).
[¶ 7] On the date of the damages hearing, the parties entered into several stipulations that prompted the trial court to issue the following order:
 [¶ 8] "1. That the controlling law on the issue of damages is for the diminished value, if any, to the Plaintiffs' property;
 [¶ 9] "2. That Plaintiff's (sic) cannot, or would not, offer proof of damages on the diminished value;
 [¶ 10] "3. That upon these facts and law, it is the finding of the Court that Plaintiffs' (sic) have failed in their burden of proof on the issue of damages and that judgment should be entered as a matter of law for defendants and against Plaintiffs;
 [¶ 11] "4. That the issue of treble damages under the statute is rendered moot by the fact that no damages have been shown by Plaintiffs." (Judgment Entry, October 30, 2001).
 [¶ 12] The court entered judgment in favor of Appellees and against Appellants and dismissed their complaint. Appellants filed a notice of appeal from that decision on November 26, 2001.
[¶ 13] Appellants present the following assignments to this court:
 [¶ 14] "The Court of Common Pleas erred, to the prejudice of Appellants', (sic) by refusing to allow Appellants to recover damages to their residential property measured by the reasonable costs of restoration of the damaged property.
 [¶ 15] "The Court of Common Pleas erred, as a matter of law, in its' (sic) ruling as to the standard to calculate damages in Plaintiffs' suit for recovery of damages to trees on Plaintiffs' property."
 [¶ 16] Appellants argue these assignments of error based on the following presumption:
 [¶ 17] "The Damages to Plaintiffs' Land are Measured by the Reasonable Restoration Costs to Remedy The Wrongful Destruction of Trees and it Was Error To Use Any Other Standard."
 [¶ 18] Appellants contend that given this court's decision inJohnson v. Hershberger (Sept. 29, 2000), 7th Dist. No. 99-CO-38, the proper measure of damages here ought to have been the reasonable restoration costs resulting from the wrongful destruction of their trees. Appellees respond that the trial court properly concluded that the applicable measure of damages was the diminution in value of the property resulting from the wrongful destruction. Based on the record herein, we must agree with Appellees.
[¶ 19] The trial court resolved this case by way of an order granting summary judgment. This court subjects a trial court decision granting summary judgment to de novo review. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. In other words, on appeal, this Court must undertake an independent review of the summary judgment without according deference to the trial court. Bell v. Horton (1996), 113 Ohio App.3d 363, 365, 680 N.E.2d 1272.
[¶ 20] In reviewing the merits of a motion for summary judgment, Civ.R. 56 requires the trial court to view the evidence presented in a light most favorable to the nonmoving party. Civ.R. 56(C). In order to prevail on a summary judgment motion, the moving party must demonstrate that: (1) no genuine issue of material fact remains to be litigated; and (2) it appears from the evidence that reasonable minds can only reach one conclusion. State ex Rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511, 628 N.E.2d 1377.
[¶ 21] After we remanded this case, the trial court issued an order concluding that in March of 1997, when the tree removal occurred, R.C. 5543.14 required the county engineer to obtain consent from the abutting landowner prior to any tree and shrub removal along county roads, even where such removal occurred on property where the county had a right-of-way. Since Appellants' consent was neither sought nor given here, the trial court properly concluded that Appellees were liable and that treble damages ought to be assessed under R.C. 901.51. We are aware, however, that in March of 2000, the General Assembly revised R.C.5543.14 so that the county no longer needs to obtain landowner permission prior to removal of, "any and all trees, shrubs, and other vegetation growing in or encroaching onto the right-of-way of the county roads." Nevertheless, since the revision is prospective, the law in effect at the time of the tree removal here must be applied. See R.C. 1.48.
[¶ 22] The trial court then set the matter for a hearing to determine the amount of damages owed by Appellees. The trial court stated as follows:
 [¶ 23] "In regard to what is to be the proper measure of damages, Plaintiffs have argued that they should be awarded complete restoration costs. However, this standard will be impossible to meet in view of the fact that twenty-one `mature trees' were cut down on Plaintiffs' property, and it appears to be impossible to replace these mature trees." (Judgment Entry, July 18, 2001, p. 3).
 [¶ 24] The trial court further noted that:
 [¶ 25] "The issue also exists as to whether or not these trees created a safety hazard. If that is the case, it would be impossible to replace the trees, for the safety hazard would then return and this whole problem would begin again. Therefore, the measure of damages should only be the diminution in value of the property." (Judgment Entry, July 18, 2001, p. 3).
 [¶ 26] The matter was continued to, "hear evidence regarding how much the removal of the trees has affected the value of Plaintiffs' property, as well as any other relevant information on the issue of damages." (Judgment Entry, July 18, 2001, p. 3). When the parties appeared for the hearing, however, Appellants failed to offer proof on the issue of damages. Instead the parties entered into the following "stipulations of fact:"
 [¶ 27] "1. That the legal counsel are proceeding on the basis that the only issue to be heard on the matter of damages is proof of the diminution in value, if any, of Plaintiffs' property by virtue of the un-consented cutting of trees on Plaintiffs' property.
 [¶ 28] "2. That Plaintiffs' (sic) have no expert testimony to offer on the diminution value of their residence by virtue of the trees being cut.
 [¶ 29] "3. That Plaintiffs' (sic) would have presented expert testimony, had they been allowed to do so, as to the reasonable costs to remediate the property to return it to the same condition, based upon residential and recreational uses, as it existed before the trees were cut, to the extent it is reasonably possible to do that.
 [¶ 30] "4. That Defendant's expert, if permitted to testify on the issue of diminution value to the real estate would be words to the effect that there was `zero' diminished value.
 [¶ 31] "5. That no expert on the issue of diminished value of Plaintiffs' property, whether appearing for Plaintiffs' (sic) or Defendants, would have seen or otherwise viewed the Plaintiffs' property before the cutting occurred so as to have actual knowledge of the appearance of the property before the cutting as compared with after the cutting.
 [¶ 32] "6. That based upon the foregoing stipulations of facts Plaintiffs' (sic) concede that the Court would direct a verdict for Defendants on Plaintiffs' complaint of damages and that such ruling would dispose of the case and further proceedings on the issue of treble damages under the statute would be moot." (Stipulations of Fact, October 30, 2001).
 [¶ 33] Appellants complain that they were hamstrung by the trial court's conclusion that the proper measure of damages in the case was the diminution in value to the property as opposed to the replacement value of the removed trees. The trial court's order setting the matter for hearing, however, explicitly noted that it would hear any evidence relevant to the issue of damages. Therefore, it is troubling that when given the opportunity to present evidence of damages, Appellants chose to offer none whatsoever. Nevertheless, Appellants now insist that they can demonstrate the replacement value of the removed trees. The record contains no offer of proof or other indication that such an assertion is true.
[¶ 34] More importantly, Appellants never address the absurdity of applying the replacement value of the trees as the measure of damages given the facts of this particular case. According to Appellees, they removed the trees along the county's Leffingwell Road easement to preserve and maintain the safety of the highway. At oral argument, Appellants insisted that the record contained no evidence that the county had removed their trees from the right-of-way because of safety concerns. On review of the record, we see that it contains an affidavit attached to Appellees' motion for summary judgment in Wolfcale I that rebuts Appellants' claim. In that affidavit, Appellee Marsico discusses his observation of the area when he viewed it after the crash. In his affidavit, Appellee Marsico concludes, in part, as follows:
 [¶ 35] "Following the fatal automobile accident, I had several discussions with my staff and I determined that, for reasons of public safety, the trees within the right-of-way easement in the vicinity of 6460 Leffingwell Road, should be removed." (Affidavit of Richard A. Marsico, Oct. 20, 1998; Defendant, Tri County Tree Specialists' Motion to Dismiss and/or in the Alternative for Summary Judgment, Exh. A).
 [¶ 36] Thus, the record does support Appellees' unrebutted contention that the county removed the trees on the Leffingwell Road right-of-way due to safety concerns. All of the removed trees were located within the right-of-way easement owned by the county. Replacing the trees in the area could ultimately compromise that safety, and, under the revised version of R.C. § 5543.14, the county is now entitled to remove encroaching trees and other vegetation without first seeking Appellants' permission. Based on the record herein and the unrebutted facts, awarding Appellants the replacement value of their lost trees would essentially be impossible.
[¶ 37] This case is similar in many ways to those instances where specific performance on a contract is rendered impossible, and therefore unenforceable. See 8 Williston on Contracts, § 19.35 (4 ed. 1998). Impossibility of performance arises where, after parties enter into a contract, an unforeseen event renders impossible the performance of contractual duties. Where such contractual impossibility occurs, the parties need not perform their respective contractual obligations and will not recover because of the breach. Massillon Savings Loan v.Imperial Finance (1926), 114 Ohio St. 523, 151 N.E.2d 645; and Glickmanv. Coakley (1984), 22 Ohio App.3d 49, 52, 488 N.E.2d 906.
[¶ 38] In the instant case, replacing the removed trees would recreate the very danger the county sought to prevent. Yet, now Appellants are asking this Court to order the county to finance the recreation of that danger. Under the circumstances, we conclude that measuring damages here in terms of replacement value would not only defy logic, it would violate sound public policy.
[¶ 39] Notwithstanding the inescapable facts here, Appellants insist that, given our holding in Johnson v. Hershberger, supra, the trial court should have found that they were entitled to three times the replacement value of the trees removed by the county from the county's right-of-way. In Johnson, this court affirmed a decision by the trial court that the property owner was entitled to the replacement/restoration costs of two trees that defendants recklessly removed from his property. In so holding, we concluded that where diminution in market value falls short of fully compensating the injured property owner, he may recover, "the costs of reasonable restoration of his property to its preexisting condition or to a condition as close as reasonably feasible, without requiring grossly disproportionate expenditures and with allowance for the natural process of regeneration within a reasonable period of time." Id. at 18-19; citing, Denoyer v. Lamb (1984), 22 Ohio App.3d 136 at para. 3 of syllabus.
[¶ 40] While Johnson does stand for the proposition that damage to property for improper tree cutting and removal may be measured by the restoration/replacement value of the property damaged, the facts presented in the instant case are inapposite. For one thing, the case at bar involves the actions of county officials on a county right-of-way, motivated by the county's safety concerns. The fact that this case involves the conduct of a public entity on a public easement cannot be ignored given the revision to R.C. 5543.14. The Johnson case, involving only private individuals on private property is plainly distinguishable.
[¶ 41] Appellants also ignore the fact that, should the replacement be awarded, the county would be forced to again remove these trees, this time with full impunity. Restoration/replacement damages can be awarded solely in those instances where the plaintiff may practically, as well as legally, restore his or her property to its former condition. These type of damages may never be awarded in situations where actual restoration to the former condition is impossible for some reason.
[¶ 42] Furthermore, while Appellants have asked us to remand this matter for a hearing on damages, there is nothing in the record to indicate that Appellants would be able to support any damages claim. After all, three times zero equals zero. Appellants do not explain in any meaningful detail why no evidence was offered. Instead, Appellants stipulated that a damage assessment was impossible since no expert had viewed the property before the trees were removed and, therefore, no expert was competent to offer an opinion with respect to the damage resulting from their loss. Certainly, however, any realtor is qualified to give an opinion of the diminution in value of a property, if any, after several mature trees were removed from its frontage. Appellants were certainly competent to offer their own testimony with respect to the damage resulting from their loss. Yet there was absolutely no evidence offered. Essentially, Appellants stipulated away their damage claim but now seek to have another try at such a claim. The record reflects nothing to suggest that Appellants are any more capable of prevailing now than they were at the time of these stipulations. Thus, we must affirm the judgment entered by the Mahoning County Court of Common Pleas.
Judgment affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs in judgment only.