[Cite as *DG Indus. v. McClure*, 2012-Ohio-4035.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DG INDUSTRIAL, L.L.C. | ) | CASE NOS. 11 MA 59 |
| | ) | 11 MA 69 |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RALPH K. McCLURE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Area County Court
                               Number 3 of Mahoning County, Ohio
                               Case Nos. 10 CVF 296; 10 CVF 297

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Kenneth Cardinal
                               P.O. Box 207
                               758 North 15th Street
                               Sebring, Ohio 44672

For Defendant-Appellant:       Atty. Rhys B. Cartwright-Jones
                               42 North Phelps Street
                               Youngstown, Ohio 44503-1130

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                               Dated: August 27, 2012

[Cite as *DG Indus. v. McClure*, 2012-Ohio-4035.]
WAITE, P.J.

## Summary

{¶1} Dean E. Grindley, III, filed two separate suits against Appellant Ralph K. McClure. In his personal capacity, Mr. Grindley sought civil recovery for alleged theft convictions concerning a credit card account. As the representative for DG Industrial, L.L.C., Mr. Grindley sought payment of the balance owed on personal loans Appellant had partially repaid to the company. Appellant received service of both complaints, which were signed for by his wife on September 28, 2010. Appellant filed no answer or other motion in response to the complaints. Mr. Grindley sought and received default judgment in both cases on November 3, 2010. Although the motions and judgment entries were filed with the Court, they were not properly docketed or indexed. At some point after Appellant received notice of the judgment entries, he sought to have both entries set aside and vacated. The trial court denied Appellant's motions to set aside default judgment and he appealed. His notice or notices of appeal, however, do not appear on the docket or index of either case and may have been filed untimely. Due to some ambiguity as to when the judgment entries denying his motions were mailed to Appellant, we have allowed both appeals to proceed, despite the appearance of untimeliness. On review, because Appellant received service, was in default, and failed to demonstrate that he had a meritorious defense to present, the judgment of the trial court is affirmed in both cases.

## Facts and Procedural History

**{¶2}** The issue before us concerns the consolidated appeals of two civil suits, Mahoning County Case Nos. 2010 CV 00296 and 2010 CV 00297, both seeking money judgment against the same defendant for the misuse of a credit card for personal expenses and for failure to repay personal loans. The plaintiff in 2010 CV 00296 is DG Industrial, L.L.C., a business owned by Dean E. Grindley, III, who is the plaintiff personally in the second suit, 2010 CV 00297. Both suits were filed on September 20, 2010. They were entered on the docket September 22, 2010 and service on each was issued the same day. The complaint in case number 2010 CV 00296, which lists the business as Plaintiff, is based on a series of personal loans that "were to be paid off within one (1) year and capable of being paid in full within one (1) year." In the prayer for relief, the complaint alleges that Appellant, made only partial payment on those loans. Complaint, ¶2-3. In case number 2010 CV 00297, where Grindley has filed suit personally, the complaint alleges wrongful use and theft of a credit card for which "Defendant was convicted in the Mahoning County Common Pleas Court of a theft offense." Complaint, ¶1-3. Service was obtained on both complaints on September 28, 2010. Both returns of service were filed on September 29, 2010.

**{¶3}** Subsequent to obtaining service, no activity appears on the docket or in the record of either case until November 3, 2010. On that date, motions seeking default judgment in both cases were filed and journal entries granting default judgment were stamped by the clerk and filed, however the motions and judgment entries granting the motions were mistakenly combined and entered on both dockets

as only orders granting default judgment. The mistake appears in both cases and neither motion was ever separately recorded on the docket sheet.

**{¶4}** Two copies of the docket were transmitted for the business case, 2010 CV 00296. The second copy is the "corrected" docket which accompanied several documents that appear to have been mis-captioned and initially mis-filed. The motion for default judgment in the business case appears as pages 2 and 3 of docket entry No. 17 in the corrected docket and as docket entry 8 in the original docket. The three pages entered in the record as one document consist of both the motion and the signed judgment entry. Both copies of the docket for the business case summarize the November 3, 2010 entry as: "DEFAULT JUDGMENT GRANTED TO THE PLAINTIFF IN THE AMOUNT: $10,099.00 WITH INT AT 5% FROM MAY 28, 2008 * * * COPIES OF JUDGMENT ENTRY MAILED TO ALL PARTIES."

**{¶5}** In the personal case, 2010 CV 00297, the motion for default judgment filed on November 3, 2010 appears in the record as pages one and two of docket entry 4, which is summarized on the docket: "DEFAULT JUDGMENT GRANTED TO THE PLAINTIFF IN THE AMOUNT: $ 8,862.31 INTEREST FROM: DATE OF JUDGMENT INTEREST RATE: 5% AND COSTS. /S/DIANE VETTORI COPIES OF JUDGMENT MAILED TO ALL PARTIES." The summary entry does not mention the motion for default judgment, nor is there a separate docket entry identifying the motion. The actual document in the record forwarded to this Court, time-stamped November 3, 2010, is a motion for default judgment. The signed judgment entry itself is absent from this file. However, neither party disputes that judgment was granted

and a journal entry filed on November 3, 2010, or that service of this entry was completed on all parties.

{¶6} On November 18, 2010, in the case personally filed by Mr. Grindley, Appellant responded to default judgment by simultaneously filing a motion for leave to plead, a brief in opposition to plaintiff's motion for default judgment, and a motion to set aside default judgment. Grindley responded to Appellant's filing. The trial court denied Appellant's motion to set aside default judgment on February 17, 2011. The instant appeal appears to have been filed from this ruling.

{¶7} The final docket entries in the personal case, entered on March 17, 2011, concern an issue as to costs. Neither a notice of appeal nor a praecipe for the transmission of the record was docketed under this case number. The record transmitted to us does include a notice of appeal, stamped both March 17, 2011 and April 6, 2011, but the document is captioned DG Industrial, L.L.C. v. McClure (the caption for the business case, 2010 CV 00296), and although the case number is correctly listed as 2010 CV 00297, the notice was never docketed or indexed under either case, despite its appearance in the case file. The record also includes several motions and a judgment entry denying stay of execution pending appeal, which are dated from April through June of 2011. All of these documents have the same apparent error in the caption. They appear to have been originally included in the record of the business case, 2010 CV 00296, but do not appear on the docket of either case.

**{¶8}** On March 10, 2011, the trial court put on an entry nunc pro tunc in 2010 CV 00297, the case Grindley personally filed, "TO CORRECT THIS ERROR IN THE RECORD." This entry reads "ON NOVEMBER 3, 2010, DEFAULT JUDGMENT WAS GRANTED PLAINTIFF * * * THE ORIGINAL SIGNED COPY OF SAID ENTRY IS NOT PRESENT IN COURT FILES. THIS NUNC PRO TUNC ENTRY IS GRANTED TO CORRECT THIS ERROR IN THE RECORD AND REFLECT THE NOVEMBER 3, 2010 ENTRY IN THE RECORD." Attached to the nunc pro tunc entry is a default judgment entry signed by the judge which reflects the same terms as the docket summary of the missing entry, but is stamped March 10, 2011.

**{¶9}** In the case filed by Grindley's business, DG Industrial, L.L.C., default judgment was also entered on November 3, 2010. Appellant then filed a November 18, 2010 motion to set aside judgment, to which Appellee responded. The trial court denied this motion on February 17, 2011. Appellant's notice of appeal, praecipe, and docketing statement are combined in a single document that appears to have been filed on April 27, 2011. However, there is no docket entry for these documents.

**{¶10}** This Court, on May 17, 2011, allowed what would otherwise have been an untimely appeal, due to ambiguity in the record concerning service of the trial court's February 17, 2011 judgment entries. Had we not granted leave, the April 27, 2011 notice of appeal as it regards the business case, which does not appear on the docket or index of this case, appears to have been filed more than forty days late.

**{¶11}** Appellant filed his merit brief in this consolidated appeal. Both Appellees, Mr. Grindley and DG Industrial L.L.C., have responded in a consolidated brief. No responsive brief was filed.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BOTH IN ENTERING DEFAULT JUDGMENT IN FAVOR OF THE PLAINTIFFS IN THESE CASES, AND IN DENYING THE DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT.

**{¶12}** Appellant makes two arguments under his sole assignment of error: (1) neither Appellee filed a motion for default judgment in either case and default judgment cannot be granted by the court sua sponte; and (2) Appellant presented sufficient grounds for relief under Civ.R. 60(B). Despite Appellant's contentions, motions for default judgment appear on the record of both cases, each separately filed and bearing stamps evidencing receipt by the clerk of courts on the same day. Neither motion was docketed by the clerk, but this does not alter the fact that each motion was properly before the court, filed, and made part of the record. As the Ohio Supreme Court has observed, "the filing of a document does not depend on the performance of a clerk's duties. A document is 'filed' when it is deposited properly for filing with the clerk of courts." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶7. In order to place a properly framed, written, motion before the court, Ohio requires only that the motion be signed by an attorney, bear an executed certificate of service (when applicable), and be deposited with the clerk of

courts responsible for the court where the action is pending. Civ.R. 5(A), (D), (E); Civ.R. 7(B); Civ.R. 11. Here, both motions for default judgment were served on Appellant. Such service was not required in this instance, however, because Appellant was a party in default who had never made an appearance in either action. Civ.R. 5(A). The documents themselves explain the basis for the motions, are signed by the attorney, were deposited with the clerk and bear a certification stamp. They clearly comply with all applicable rules.

{¶13} Appellant does not dispute receiving the complaints, the motions for default judgment, and the judgment entries granting default judgment in both cases. Because Appellant was properly served with the complaints, but never entered an appearance or filed an answer in either case, he was not entitled seven days notice prior to hearing on the motions for default judgment. Civ.R. 55(A). Absent a showing that he had, in fact, filed an answer or otherwise entered an appearance in these matters, there is no defect in the decisions granting default judgment. Civ.R. 55(A). In fact, the result that Appellant advocates, treating any material that does not appear on the docket as though it was not properly a matter of record despite clear evidence of filing and journalization, would invalidate his appeal in both cases: none of the documents Appellant is required to file to initiate an appeal appear on the docket or index of either case. Appellant was in default of answer and the motions for default judgment were filed and appear in the record, although they were not properly docketed. Hence, the trial court's November 3, 2010 entries granting default judgment were valid. It is unnecessary to reach the issue of whether a trial court

may, sua sponte, grant default judgment because the judgments at issue here were not entered sua sponte.

{¶14} The only remaining issue is whether Appellant presented sufficient evidence to support his motion to set aside default judgment. Pursuant to Civ.R. 55(B), a motion to set aside default judgment must meet the same requirements as a Civ.R. 60(B) motion to vacate judgment. Civil Rule 60(B) requires:

> [T]he court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * * or it is no longer equitable * * * (5) any other reason justifying relief.

{¶15} A party seeking relief from judgment under Civ.R. 60(B), or to set aside a default judgment under the same standards, must meet all three prongs of the *GTE Automatic* test. "[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and * * * [where applicable] not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976) paragraph two

of the syllabus.  Where a party seeks timely relief from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Id.* at paragraph three of the syllabus.

**{¶16}**  The party seeking relief from judgment must allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists.  *Syphard v. Vrable*, 141 Ohio App.3d 460, 751 N.E.2d 564 (2001).  Actual evidence supporting the defense is not necessary.  *Kay v. Marc Glassman Inc.*, 76 Ohio St.3d 18, 665 N.E.2d 1102 (1996).  A reviewing court will not disturb a trial court's decision concerning motions filed under Civ.R. 60(B) absent an abuse of discretion.  *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1238 (1997).  "Abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880 (1991).

**{¶17}** In the matter below, Appellant filed two virtually identical motions in response to the motions for default judgment filed by Grindley and his business.  In the business case, Appellant filed a motion to set aside default judgment.  In the personal case, a nearly identical document was instead captioned, "brief in opposition to plaintiff's motion for default judgment."  Both documents were filed on November 18, 2010.  Excepting the captions and differing typos on the third page of

each document, the text is identical. Thus, we will review both matters simultaneously pursuant to the *GTE* test.

{¶18} With regard to the first prong of the test, which requires some showing of a meritorious defense, Appellant offers a single sentence: "In fact, Defendant has legitimate grounds to challenge and defend this case on its merits." (Brief in Opposition to Plaintiff's Motion for Default Judgment, p. 4.) No further information concerning any defense was provided in either of the matters below. On appeal, for the first time, Appellant now argues that it was error for the court to grant default judgment when there were open questions as to whether the alleged loans were valid under the statute of frauds and where "there is no plea of consideration." (Appellant's Brf., p. 5.) The statute of frauds is an affirmative defense, which is generally waived if not raised in the pleadings. *See, e.g., Houser v. Ohio Historical Soc.*, 62 Ohio St.2d 77, 79, 403 N.E.2d 965, 967 (1980); Civ.R. 8(C). Where, as here, Appellant filed no responsive pleading, the statute of frauds argument has been waived. In seeking relief from judgment, however, Appellant was still required to inform the trial court with specificity as to the defenses he believed he could assert and any basis for relief. Appellant failed to provide the trial court with any such information, and may not raise it for the first time on appeal. We "will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *See Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001, 1003 (1982).

**{¶19}** While it is not necessary that a movant prove he would prevail, or even present evidence supporting his defense to the lower court, we note that Appellee's prayer for relief in the personal case, 2010 CV 00297, was based on theft, not contract. Therefore, the statute of frauds and lack of consideration are not defenses to the allegations in the complaint. In the business case, where these alleged defenses might otherwise apply, the complaint specifically states that the contract fell outside the statute of frauds, because the personal loan did not concern real property and the repayment of the loan was capable of being fully performed within one year. Grindley also pleaded that Appellant partially performed under the agreement and credited $5,000.00 in payment against the recovery sought. Hence, the allegations in this complaint preclude both of Appellant's untimely defenses. In the business case, 2010 CV 00296, any defect in formation or other defense to contract must be raised to the trial court or waived. Appellant's bald assertion to the trial court that he had "legitimate grounds to challenge and defend" the suit, absent any description of the operative facts that would allow the trial court to decide whether a meritorious defense existed, fails to satisfy his burden under *GTE* in both cases. *See, e.g., Syphard*, *supra.*

**{¶20}** Again, in order to prevail on appeal, Appellant must show that he meets all these prongs of the *GTE* test. Due to Appellant's failure to discharge his burden for either case under the first prong, we need not determine whether his failure to move or plead in response to the complaint was the result of excusable neglect. Because Appellant failed to demonstrate that he had a meritorious defense to

present if granted relief from either judgment, this record does not disclose any abuse of discretion by the trial court. Appellant's assignment of error is without merit. The judgments of the trial court are affirmed.

## Conclusion

**{¶21}** Appellant's sole assignment of error is without merit. The trial court's entries granting default judgment were based on a written motion filed by Appellee which appear in the record of each case. The trial court's decision denying relief from judgment was not an abuse of discretion because Appellant failed to meet his burden to identify a meritorious defense in either case before the trial court. Appellant's assignment of error is overruled. The judgment of the trial court in both cases is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.