**TEXERAMICS, Inc., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16241.

United States Court of Appeals Fifth Circuit.

Jan. 4, 1957.

H. J. Loe, Fort Worth, Tex., for appellant.

Fred W. Smith, Atty., Dept. of Justice, Washington, D. C., Heard L. Floore, U. S. Atty., Fort Worth, Tex., Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, S. Billingsley Hill, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment entered in a condemnation suit brings up for review another instance of court action which, taken for the purpose of expediting, has in fact delayed the final disposition of a law suit. Thus is proved again what needed no proving, that the longest way around is often the shortest way through.

The background against which the action taken below and complained of here must be viewed consists of: (1) a stipulation;[1] (2) an order[2] granting plaintiff's motion[3] to strike portions of defendant-appellant's answer and cross-action[4] and "to limit the testimony in the case to evidence of the reasonable market value of defendant's leasehold interest"; and (3) the verdict of the jury on the testimony thus limited, awarding defendant as the value of the leasehold $4800.

From the judgment entered on the verdict, defendant has appealed, urging under a single specification of error that, in striking from defendant's pleading its primary claim for the value of the land taken and submitting only its alternative claim for the value of the unexpired term of the lease, the court erred: (1) in holding that the defense of the Statute of Frauds was available to the United States, a stranger to the contract between it and Camp Wolters Enterprises, Inc., from whom it had acquired its lease and the option to purchase the land; and (2) if the United States, though a stranger, could avail itself of the defense, appellant should have been permitted to prove the facts taking the case out of the operation of the statute.

---

1. "The Plaintiff's petition and various amended petitions are lengthy and concern many Defendants other than Texeramics, Inc., the Defendant here concerned, and their inclusion in the record would not be essential to a determination of the issues presented to the Court on appeal. *It is agreed that this cause of action is a condemnation proceeding by which the government seeks to take the entire fee simple title to lands occupied by Texeramics, Inc.* It is agreed that this stipulation shall take the place of all of the pleadings of the government as far as its original petition and amendments thereto are concerned. The defenses and claims of the Defendant appear from its answer and cross-action which is included in the record on appeal." (Emphasis supplied)

2. "On this the 20th day of February, 1956, came on to be heard the motion of plaintiff to strike those portions of Paragraphs 2, 3, 4, and 5 of said answer and cross action to the extent that they constitute a demand for compensation for the taking of alleged rights of Texeramics, Inc., under its written option, a parol extension thereof, or other parol contract respecting the land in question, and to strike Paragraph 6 of said answer and cross action to the extent that it constitutes a demand for compensation for the taking of 'irremovable improvements' in addition to compensation for the value of the unexpired portion of the leasehold interest of Texeramics, Inc., and to strike Paragraph 8 of said answer and cross action in its entirety; and the court having heard and considered the argument of counsel and briefs of counsel heretofore submitted,

"The said motion of plaintiff is hereby granted, and said paragraphs, to the extent indicated in such motion are ordered stricken from the answer and cross action of Texeramics, Inc.

"Plaintiff's motion to limit the testimony in this case to evidence of the reasonable market value of the leasehold interest of Texeramics, Inc. is granted."

3. On the ground that defendant's claim was in violation of the statute of frauds.

4. Which alleged that under the purchase option plaintiff had acquired and was the owner of the lands occupied by it and sought to be condemned, and prayed that it be awarded their value, and, in the alternative only that it recover the value of the unexpired term of the lease it had held thereon.

We find ourselves in agreement with appellant's position.

The stricken pleading sufficiently alleged a claim to ownership of the land based upon and rising out of oral agreements and transactions, under which it had acquired the property for $4800, valid, as to the defense of the statute of frauds, against everyone, the United States included, except Camp Wolters Enterprises, Inc., the other party to the contract, and valid against it also unless it elects to raise the defense, and the matters pleaded by defendant do not take the contract out of the statute. In addition, it alleged that when Camp Wolters Enterprises, Inc., from whom it had acquired the land, settled with the government the condemnation proceedings as to it, it had disclaimed any interest in the land occupied by defendant except for the purchase price, and the government was fully apprised of this fact when in condemnation it took the property of defendants.

Upon these allegations, defendant was entitled to have the issues tendered submitted to the jury, and if they were found to be true, to recover for the value of the land,—not, of course, for the value of land and lease, for, if it owned the land, land and lease had become merged. It did not seek such double recovery.

Appellee's query, whether an unexercised oral option to purchase property condemned by the United States is a compensable property interest, is wholly beside the mark. But see Nicholson v. Weaver, 9 Cir., 194 F.2d 804. This is so because defendant made and makes no such claim. On the contrary, it claimed and claims an executed option and a right to the value of the property subject only to the $4800 purchase price due Camp Wolters Enterprises, Inc.

Appellee's other query, whether the district court correctly held that the rights in the property claimed through the oral option were unenforceable because violative of the statute of frauds, finds its complete answer in the Texas cases [5] cited by appellant. Indeed, appellee admits the existence of the principle, that a defense under the statute of frauds is personal to the parties to the transaction and cannot be availed of by third parties. It vainly seeks to avoid the effect of this admission by the claim made here for the first time that the United States is not a stranger but a successor to the title of the grantor by purchase from it.

The short and simple answer to this claim is: that plaintiff's motion to strike, which the judge sustained, admitted the facts pleaded in defendant's answer; and that, whether the facts are in reality such that the United States could have asserted below the defense it now seeks to put forward by its brief, it did not on this record do so, and the question on this appeal of the correctness of the judge's ruling in striking the pleading must be determined not by what the facts are or might hereafter be shown to be but by the allegations of the stricken pleading.

As appears from the stipulation, note 1 supra, the United States made no such contention below either in pleading or in evidence, and it cannot make it here. Indeed, the testimony which the court permitted to be taken for the purpose of defendant's bill completely negatives the claim now made.

The judgment is reversed and the cause is remanded for a full trial on their merits of all the issues tendered and to be tendered by the pleadings and for other and further proceedings not inconsistent herewith.

5. Yarber v. Iglehart, Tex.Civ.App., 264 S.W.2d 474; Bell v. Beazley, 18 Tex.Civ. App. 639, 45 S.W. 401; McManus v. Matthews, Tex.Civ.App., 55 S.W. 589; 20 Texas Jurisprudence 211; 23 Tracts of Land v. United States, 6 Cir., 177 F.2d 967; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 6 Cir., 131 F. 657; Universal Insurance Co. v. Steinbach, 9 Cir., 170 F.2d 303; United States Fidelity & Guaranty Co. v. Mills, 4 Cir., 146 F.2d 694.