OPINION
{¶ 1} This matter presents a timely appeal from a decision rendered by the Carroll County Common Pleas Court, sustaining a motion for summary judgment filed by Appellee, Campbell Oil Company, and dismissing the counterclaim filed by Appellants, Michael R. Shepperson, Shirley Shepperson, and Atwood Deli, LTD., dba Tinlins. The original dispute arose because Appellants, owners of a gas station, refused to pay the balance of a contract with Appellee, their oil supplier. Appellants believed that Appellee had received $27,000 from Marathon Ashland Petroleum Company ("Marathon") that should have been credited to Appellants. In this appeal, Appellants contend that Appellee never filed a motion for summary judgment on Appellants' counterclaim, and thus, that the trial court was without authority to rule on the counterclaim. It is clear from the record, though, that Appellee was seeking summary judgment on all issues before the trial court. Appellants also argue that summary judgment was inappropriate because of a factual dispute concerning the alleged contract between Appellee and Marathon that formed the basis of their counterclaim. Based on the record before the trial court, there are no issues of material fact in dispute in this case and the judgment of the trial court is affirmed.
 Factual and Procedural Background {¶ 2} Appellants entered into a contract with Appellee in which Appellee would provide Marathon products to Appellants' gas station. Appellants refused to pay off the balance owed on the contract in the amount of $24,863.55.
 {¶ 3} On May 24, 2004, Appellee filed a complaint in Tuscarawas County against Appellants that they styled as a breach of contract, "account," and unjust enrichment, seeking damages in the amount of $24,863.55.
 {¶ 4} On July 23, 2004, the complaint was transferred to the Carroll County Common Pleas Court based on a joint stipulation for change of venue.
 {¶ 5} On August 12, 2004, Appellants answered and filed a counterclaim stating that they were third-party beneficiaries of a separate agreement between Appellee and Marathon. Appellants prayed for $27,000.00 in damages, plus interest. On September 2, 2004, Appellee filed an answer to the counterclaim.
 {¶ 6} On March 14, 2005, Appellee moved for summary judgment. On April 6, 2005, the trial court filed an entry granting summary judgment to Appellee on the complaint and counterclaim.
 {¶ 7} On April 22, 2005, Appellants filed a timely notice of appeal. Appellants seek review of the dismissal of their counterclaim. Appellants do not allege any error with the court's decision to grant summary judgment on Appellee's original claims.
 Standard of Review {¶ 8} An appellate court applies a de novo review when reviewing a trial court's decision to grant summary judgment, using the same standards as the trial court, as set forth in Civ.R. 56(C). Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466,364 N.E.2d 267. When a court considers a motion for summary judgment the facts must be taken in the light most favorable to the non-moving party. Id.
 {¶ 9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, andidentifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of thenonmoving party's claim." (Emphasis in original.) Dresher v.Burt (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. Brewer v. ClevelandBd. of Edn. (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.
 Assignment of Error No. 1 {¶ 10} "THE APPELLEE DID NOT REQUEST SUMMARY JUDGMENT ON THE APPELLANT'S COUNTERCLAIM AND THEREFORE THE COURT WAS WITHOUT AUTHORITY TO GRANT SUMMARY JUDGMENT ON THE COUNTERCLAIM SUA SPONTE."
 {¶ 11} Appellants argue that Appellee failed to request summary judgment as to Appellants' counterclaim. Appellants assert that Appellee did not specifically and expressly state in their motion for summary judgment that they were seeking judgment as to both the complaint and the counterclaim. Also, Appellants contend that the trial court did not have the authority to grant a motion for summary judgment sua sponte.
 {¶ 12} Appellants primarily rely on Civ.R. 7(B)(1) and contend that all motions are required to state the particular relief being sought. Civ.R. 7(B)(1) states:
 {¶ 13} "An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall statewith particularity the grounds therefor, and shall set forth therelief or order sought. The requirement of a writing is fulfilled if the motion is stated in a written notice of the hearing of the motion." (Emphasis added).
 {¶ 14} The fundamental purpose of Civ.R. 7(B) is to insure that the nonmoving party will be provided with the information needed to formulate an appropriate response. Christie v.Christie (Sept. 4, 1990), 5th Dist. No. CA-8052. A motion for summary judgment is subject to the Civ.R. 7 requirement that the motion must set forth the relief sought and the grounds of relief with particularity. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 526 N.E.2d 798.
 {¶ 15} Appellants cite Hamilton v. Ohio Savings Assn.,
(Mar. 29, 1990), 8th Dist. No. 56820 and Gibbs v. Ohio AdultParole Authority, Ohio App. 4th Dist. No. 01CA2622, 2002-Ohio-2311, for the proposition that a court does not have the authority to grant summary judgment sua sponte. The fundamental issue in this appeal, though, is whether a trial court may consider the memorandum in support of a motion for summary judgment as incorporated into the motion itself. The cases cited by Appellant do not hold that a motion for summary judgment and its supporting memorandum are to be treated as separate and mutually exclusive documents, or that the memorandum may not clarify or expand upon the exact nature of the motion. On the contrary, it is generally assumed that a motion for summary judgment includes both an initial page or filing labeled as the motion, and an attached or subsequently filed brief, memorandum, or similarly styled document in support, setting forth the particular arguments in support of granting summary judgment. See, e.g., Brannan v. Fowler (1995), 100 Ohio App.3d 577, 582,654 N.E.2d 434; Mitseff, supra; Vahila v. Hall (1997),77 Ohio St.3d 421, 428, 674 N.E.2d 1164.
 {¶ 16} Appellee points out that its memorandum in support of summary judgment very clearly stated that it was seeking summary judgment on all issues, including the counterclaim. Appellee contends that its memorandum in support was properly considered by the trial court and provided the basis for the court's ruling.
 {¶ 17} Appellee clearly stated, several times, within the memorandum of support that it was seeking summary judgment as to both the complaint and the counterclaim. (3/14/05 M.S.J., pp. 2, 8, 11.) Although Appellee did not specifically refer to the counterclaim on the face page of the motion for summary judgment, the counterclaim is clearly described on the second page of the filing and in the remainder of the document. The fact that Appellees were seeking relief on all claims and issues was not buried or hidden in the memorandum. The record reveals that the counterclaim is more or less the entire subject matter of the memorandum in support. Since there was really no dispute that Appellants owed the debt referred to in Appellees original claim, there would hardly be any purpose in filing an extensive memorandum in support of summary judgment except to discuss the counterclaim. Furthermore, Appellants have not made any argument that they were prejudiced by the form of Appellee's motion or that they were unable to formulate an appropriate response to the arguments set forth in the memorandum supporting the motion. For all these reasons, Appellants' first assignment of error is found to be without merit and is overruled.
 Assignment of Error No. 2 {¶ 18} "SUMMARY JUDGMENT IS NOT APPROPRIATE IN CASES WHERE CREDIBILITY OF OPPOSING WITNESSES IS AN ISSUE."
 {¶ 19} In Appellants' second assignment of error, Appellants argue that the trial court incorrectly weighed the credibility of the witnesses in making its decision. Appellants contend that weighing the credibility of witnesses cannot be decided on summary judgment and should be left to the trier of fact only after a full trial on the issues. Turner v. Turner (1993),67 Ohio St.3d 337, 341, 617 N.E.2d 1123.
 {¶ 20} In opposition, Appellee argues that it was Appellants' lack of evidence, rather than the credibility of the evidence, that led to the trial court's decision. Appellee contends that Appellants simply did not meet their burden of proof to provide evidence that Appellants were third-party beneficiaries to any contract. Appellee, in contrast, provided evidence establishing that no contract existed between Appellee and Marathon for $27,000.00 or for any other amount. In support, Appellee provided a deposition from Brian Burrow, the President of Campbell Oil Co., and an affidavit from Stephen Wagner, District Manager of the Eastern Division of Marathon, who testified that such a contract never existed. (3/14/05 M.S.J., Burrow Deposition, and Wagner Affidavit.) Obviously, if no contract existed, there can be no third-party beneficiary.
 {¶ 21} Appellants respond by pointing to Michael Shepperson's deposition and affidavit, which aver that he saw the contract but later misplaced it.
 {¶ 22} Appellee argues in rebuttal that even if we assume that the alleged contract existed, Appellants still have not provided any evidence that they were third-party beneficiaries to the contract and have not provided any basis for a reasonable factfinder to rule in their favor. In support, Appellee citesNorfolk Western Co. v. United States (C.A. 6. 1980),641 F.2d 1201, to lay out the essential elements of a third-party beneficiary claim:
 {¶ 23} "* * * Under this analysis, if the promisee * * * intends that a third-party should benefit from the contract, then that party is an `intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an `incidental beneficiary,' who has no enforceable rights under the contract.
 {¶ 24} "* * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." Id. at 1208.
 {¶ 25} Appellee argues that the burden of proof was on Appellants to establish the basic elements of the counterclaim and to provide some proof that they were intended third-party beneficiaries. Appellee claims that Appellants have failed to satisfy the minimal proof requirement for overcoming summary judgment.
 {¶ 26} We must agree with Appellee's argument. Factual disputes between parties do not alone rule out summary judgment.Turner v. Turner (1993), 67 Ohio St.3d 337, 340,617 N.E.2d 1123. For the nonmoving party to overcome summary judgment it must point to specific evidence upon which a trier of fact could reasonably find for that party at trial. Dresher, supra at 296,662 N.E.2d 264.
 {¶ 27} It is clear that Appellants have not provided any evidence to establish their status as third-party beneficiaries, even if we assume there was a contract between Marathon and Appellee. In order to establish their status as third-party beneficiaries, it was necessary for Appellants to provide some evidence that they were intended beneficiaries of the contract.Hill v. Sonitrol of Southwestern Ohio, Inc. (1988),36 Ohio St.3d 36, 40, 521 N.E.2d 780. Normally, the intent of the parties in entering into a contract is presumed to be contained within the language of the contract itself. Kelly v. Med. Life Ins.Co. (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. The fact that the alleged contract in this case may have been lost was not in and of itself fatal to Appellant's counterclaim, because it is possible to establish the existence and content of a lost or destroyed contract through secondary evidence. Babcock v. Prudential Insurance Co. ofAmerica (1944), 42 Ohio Law Abs 271, 60 N.E.2d 495, 501; Evid.R. 1004. The problem here is that the trial court was not provided any evidence to establish the terms of the alleged contract. The only evidence that Appellants produced was in the form of a deposition and affidavit from Appellant Michael Shepperson, which only states that he once saw the contract by mistake in 1998. Nowhere do Appellants assert that they knew or should have known the contents of the alleged contract. More importantly, Appellants have completely failed to expand on or establish the specific nature of their third-party beneficiary status under the alleged contract.
 {¶ 28} A reasonable trier of fact would not be able to rule favorably for Appellants on their counterclaim based solely on the deposition and affidavit of Appellant Michael Shepperson. The credibility of witnesses is not an issue in this case because Appellants have failed to meet their burden to produce some evidence to establish the fundamental aspects of their claim. For these reasons, Appellants' second assignment of error is also overruled.
 Conclusion {¶ 29} Appellants have failed to demonstrate that the trial court erred by rendering summary judgment on their counterclaim. Appellants have also failed to point to any evidence that could reasonably establish that they were intended third-party beneficiaries to a contract between Appellee and Marathon. Accordingly, the judgment of the Carroll County Court of Common Pleas is affirmed in full.
Donofrio, P.J., concurs.
Vukovich, J., concurs.