[Cite as *Blain's Folding Serv., Inc. v. Cincinnati Ins. Co.*, 2018-Ohio-959.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105913**

## BLAIN'S FOLDING SERVICE, INC., ET AL.

DEFENDANTS-APPELLANTS

vs.

## CINCINNATI INSURANCE COMPANY, ET AL.

PLAINTIFFS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-852129

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANTS**

Barry Murner
Spitz Law Firm
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122


**ATTORNEYS FOR APPELLEES**

Matthew P. Baringer
Thomas W. Wright
Davis & Young
29010 Chardon Road
Willoughby Hills, OH 44092

Patrick S. Corrigan
Patrick S. Corrigan, Esq.
55 Public Square, Suite 930
Cleveland, OH 44113

Victoria D. Barto
Law Offices of Stephen J. Proe
6000 Lomardo Center, Suite 420
The Genesis Building
Seven Hills, OH 44131

MELODY J. STEWART, J.:

**{¶1}** An automobile accident caused extensive damage to a building owned by plaintiff-appellant Blain's Folding Service, Inc. Blain's alleged that defendant-appellee DANE Contractors, Inc., who had been hired to perform repair and restoration, failed to install a separate, dedicated power source for a newly installed cutting machine, causing the machine to experience power surges. It brought this breach of contract and negligence action against DANE,[1] alleging that delays in installing a separate power source caused it to lose a three-year job worth $350,000 per year. DANE filed a motion for summary judgment on the grounds that Blain's could not recover future lost profits on a contract that violated the statute of frauds and that the claimed lost profits were too remote or speculative. The court granted summary judgment without opinion.

## I. Statute of Frauds

**{¶2}** Blain's first assignment of error is that the court erred by granting summary judgment under the statute of frauds because DANE did not raise the statute of frauds as an affirmative defense in its answer to the complaint.

---

[1] Blain's also named The Cincinnati Insurance Company, Haywood Electric, Inc., the driver of the automobile (who died in the accident), the owner of the automobile, and ten John Does. These defendants were all dismissed from the action, leaving DANE as the sole defendant.

**{¶3}** The statute of frauds states that no action can be brought upon an agreement that is not to be performed within one year unless the agreement is reduced to writing. *See* R.C. 1335.05. The statute of frauds is an affirmative defense, *see* Civ.R. 8(C), that is waived if not pleaded in an answer to a responsive pleading. *See Houser v. Ohio Historical Soc.*, 62 Ohio St.2d 77, 79, 403 N.E.2d 965 (1980); *DG Indus., L.L.C. v. McClure*, 7th Dist. Mahoning Nos. 11 MA 59 and 11 MA 69, 2012-Ohio-4035, ¶ 18.

**{¶4}** There is no question that DANE did not list the statute of frauds as an affirmative defense in its answer to the complaint. But we agree with DANE that it had no obligation to raise the statute of frauds as an affirmative defense. "[T]he statute of frauds bars a party from enforcing an oral agreement falling within the statute." *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶ 22. In this context, "party" means a party to the contract. As a matter of common law contract, "a defense under the statute of frauds is personal to the parties to the transaction and cannot be availed of by third parties." *Texeramics v. United States*, 239 F.2d 762, 764 (5th Cir.1957).

**{¶5}** But these same principles mean that DANE had no standing to question the enforceability of any contract that Blain's made with a third party. The statute of frauds "is a mere defense. It is not a matter of substance." *Leibovitz v. Cent. Natl. Bank*, 75 Ohio App. 25, 29, 60 N.E.2d 727 (8th Dist.1944). And if the statute of frauds, as an affirmative defense, can be waived by the parties to a contract, a nonparty to a contract like DANE cannot avail itself of the affirmative defense to claim that a contract is unenforceable. *Legros v. Tarr*, 44 Ohio St.3d 1, 8, 540 N.E.2d 257 (1989), quoting *Bradkin v. Leverton*, 26 N.Y.2d 192, 199, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970) ("'where a third party is concerned, the Statute of Frauds provides no defense to him.'"). *See also Edwards Mfg. Co. v. Bradford Co.*, 294 F. 176, 181 (2d Cir.1923) ("the defense of the statute of frauds is personal to the contracting parties.").

**{¶6}** DANE cites *Bell v. Horton*, 113 Ohio App.3d 363, 680 N.E.2d 1272 (4th Dist.1996), for the proposition that a nonparty to an oral contract may raise the statute of frauds as a defense. In that case, Bell reached an oral agreement to sell unimproved property to another, who would erect a house on the premises and sell it to a third party. Bell alleged that the defendant, Whitten, made certain statements to the buyer and third party, causing them to decide not to purchase the property. Bell filed an action alleging that Whitten toritously interfered with his contractual relationship. Reviewing the elements of a tortious interference with contract claim, the Fourth District Court of Appeals found that there was no valid and enforceable contract under the statute of frauds because the agreement to sell real property had not been reduced to writing. *Id.* at 366.

**{¶7}** *Bell* did not address well-established law that "'it usually is held that contracts which are voidable by reason of the statute of frauds, formal defects, lack of consideration, lack of mutuality, or even uncertainty of terms, still afford a basis for a tort action when the defendant interferes with their performance.'" *Harris v. Perl*, 41 N.J. 455, 461, 197 A.2d 359 (1964), quoting Prosser, *Handbook of the Law of Torts*, Section 106 (2d Ed. 1955). This is based on the idea that "the statute of frauds was enacted for the benefit of a party to the transaction and is not available to strangers who tortiously interfere with contractual or advantageous relations created by the transaction." *Geo. H. Beckmann, Inc. v. Charles H. Reid & Sons, Inc.*, 44 N.J. Super. 159, 130 A.2d 48, 52 (App.Div. 1957) (collecting cases).

**{¶8}** *Bell* thus failed to appreciate the difference between a contract that is unenforceable and a contract that is void. A contract that is not within the statute of frauds is not a void or illegal contract, nor is there any public policy against its performance. *See* Keeton, Dobbs, Keeton & Owen, *Prosser and Keeton on the Law of Torts*, Section 129, 932 (5th Ed.1984) ("The law of course does not object to the voluntary performance of agreements merely because it will not enforce them, and it indulges in the assumption that even unenforceable promises will be carried out if no third person interferes."). That a contract is outside the statute of frauds does not mean that it does not exist, much less that it cannot be performed by the parties. *See also* 1 Restatement of the Law 2d, Torts, Section 766, Comment f (1965) ("It is not, however, necessary that the contract be legally enforceable against the third person. A promise may be a valid and subsisting contract even though it is voidable. * * * The third person may have a defense against action on the contract that would permit him to avoid it and escape liability on it if he sees fit to do so. Until he does, the contract is a valid and subsisting relation, with which the actor is not permitted to interfere improperly.").

**{¶9}** It follows that whether an alleged contract between Blain's and its customer, AGS Custom Graphics ("AGS"), had been reduced to writing was not a valid basis for granting summary judgment.[2] Nevertheless, there was a different, viable basis for granting summary judgment.

---

[2] DANE also cites *Hodges v. Ettinger*, 127 Ohio St. 460, 467, 189 N.E. 113 (1934), for the proposition that "no distinctively legal action can be maintained upon an oral contract within the statute of frauds." That case is inapplicable because it involved a breach of contract action between

## II. Speculative Damages

**{¶10}** Among the damages sought by Blain's were "economic losses including but not limited to loss of profits, loss of the accounts, delays in production, increase in costs to complete jobs, loss of future accounts, and loss of future contracts." In its motion for summary judgment, DANE argued that Blain's demand for lost profits was remote and speculative because there was "real doubt" that a three-year oral contract existed between Blain's and AGS. Blain's maintained that a contract did exist and that lost profits were ascertainable to a reasonable degree of certainty as shown by its expert who calculated lost profits based on the anticipated revenue to be generated from AGS's and Blain's historical profit margin.

---

parties to a contract and whether the contract was unenforceable as being outside the statute of frauds — no third person was attempting to avoid liability by using the statute of frauds to claim that the contract was unenforceable.

**{¶11}** In general, contract damages should place the nonbreaching party in the position it would have been in had the breaching party fully performed under the contract. *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 26. Lost profits are recoverable for a breach of contract, but only if (1) the profits were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty. *Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co.*, 12 Ohio St.3d 241, 243, 466 N.E.2d 883 (1984), paragraph two of the syllabus. Lost profits are remote or speculative if they cannot be demonstrated with reasonable certainty. *Gahanna v. Eastgate Properties, Inc.*, 36 Ohio St.3d 65, 521 N.E.2d 814 (1988), syllabus.

**{¶12}** Viewing the facts most favorable to Blain's, *see* Civ.R. 56(C), we find that the facts do not establish the existence of a contract with AGS. Blain's maintained that the project would last three years, with the specific work to be completed in several bindery jobs over the time period. But what Blain's described as "its" project was, in fact, a project that belonged to AGS, not to Blain's. AGS pieced out several jobs to Blain's, all of which Blain's concedes were separately quoted and billed. AGS made it clear that it "did not have a three-year contract or any type of contract" with Blain's on the project. This was because AGS had made the decision, even before the events giving rise to this case, to purchase equipment that would allow it to do in-house the jobs that Blain's was performing for it. It was for this reason that AGS denied that it had any contract with Blain's, much less one that ran for three years. Blain's evidence shows only that it had the hope of bidding on AGS's business for the next three years. That hope did not establish that any contract existed between it and AGS.

**{¶13}** The record also does not disclose any contract between Blain's and DANE. Blain's did not attach a copy of its contract with AGS to its complaint. "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Civ.R. 10(D). In fact, the complaint alleged that DANE had been hired by Cincinnati Insurance, Blain's insurer: "Defendant DANE was retained and/or recommended and/or approved by Defendant Cincinnati." Blain's manager of operations reaffirmed that Blain's did not hire DANE when he averred that "Cincinnati Insurance retained and recommended the services of Defendant DANE Contractors, Inc. ("Dane") to act as the general contractor." Affidavit of Edward Blain at ¶ 5.

**{¶14}** It may be that Blain's was a third-party beneficiary of DANE's contract with Cincinnati Insurance. However, it had to establish its status as a third-party beneficiary by providing evidence on that point. *Campbell Oil Co. v. Shepperson*, 7th Dist. Carroll No. 05 CA 817, 2006-Ohio-1763, ¶ 27, citing *Hill v. Sonitrol of S.W. Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780 (1988). Blain's has never alleged that it was a third-party beneficiary of any contract between Cincinnati and DANE, and equally important, it has not provided any contract between Cincinnati and DANE that would establish that fact. *Id*. In any event, this issue was not raised below, so we cannot review it. *Fifth Third Bank v. Senvisky*, 8th Dist. Cuyahoga Nos. 100030 and 100571, 2014-Ohio-1233, ¶ 21, fn. 2 ("we cannot address defendants' third-party beneficiary claim or fraud allegations because they failed to raise these issues in front of the trial court.").

**{¶15}** Even had Blain's properly pleaded and supported its status as a party or beneficiary to a contract with DANE, we would find its claim for lost profits to be speculative.

**{¶16}** Blain's expert said that in the preceding 13 years, Blain's saw "approximately 31% of marginal revenues flow to profits after fixed expenses have been paid. In other words, 69% of marginal revenues, on average, are used to cover variable and mixed overhead." Assuming annual revenues of between $350,000 and $380,000, the expert concluded that Blain's would have realized profits of between $327,600 and $355,680 on business provided by AGS.

{¶17} The expert's calculations were based on Blain's general business revenues and were not specific to work done for AGS. The evidence showed that Blain's did work for other clients that differed from the specific tasks that it performed for AGS. And even if the tasks were the same, it is reasonable to think that Blain's would price jobs differently based on the individual customer. The expert's failure to render an opinion based solely on work performed for AGS meant that he rendered an opinion that was too general to meet the reasonable degree of certainty standard for proving contract damages.

{¶18} Finally, Blain's argues that regardless of whether it adequately proved lost profit with respect to AGS, it had claims for other lost business. We can summarily reject this argument because Blain's failed to offer any evidence of what those lost profits might be — its expert only gave an opinion with respect to lost profit from AGS. Since the claims based on a breach of contract only sought lost profits as damages, Blain's had to prove the loss. *Endersby v. Schneppe*, 73 Ohio App.3d 212, 216, 596 N.E.2d 1081 (3d Dist.1991).

**{¶19}** The same is true of Blain's negligence claim. A party opposing a motion for summary judgment may not rest on its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *See* Civ.R. 56(E). As with its contract claims, Blain's offered no evidence to prove the existence of any damages resulting from DANE's alleged negligence. *Pietz v. Toledo Trust Co.*, 63 Ohio App.3d 17, 22, 577 N.E.2d 1118 (6th Dist.1989) ("Injury or damage is a necessary element of a cause of action for negligence, without which summary judgment can be granted."). We therefore conclude that the court did not err by granting summary judgment on all causes of action raised in the complaint.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR