[Cite as *Csizmadia v. Gilkey*, 2021-Ohio-2760.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| HOLLY CSIZMADIA | JUDGES:<br>Hon. Craig R. Baldwin, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 20AP0006 |
| KIMBERLY GILKEY, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  18CV0072


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 9, 2021


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

JANNA WOODBURN                        KRISTOPHER K. HILL
214 West Liberty Avenue               17 North 4th Street
McConnelsville, Ohio  43756           Zanesville, Ohio  43701

*Wise, J.*

{¶1}   Appellants Kimberly Gilkey and Carl Gilkey appeal from the November 9, 2020 Judgment Entry by the Morgan County Court of Common Pleas. Appellee is Holly Csizmadia. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On April 16, 2018, Appellee filed a civil action against Appellants, the Estate of Russell Farley, Harold Tucker III, and the Morgan County treasurer for quiet title, permanent injunction, conversion and declaratory judgment.

{¶3}   The property which is the subject of the complaint is real estate located at 1998 E State Route 60 NE, McConnelsville, Ohio 43756 and 1996 E State Route 60 NE, McConnelsville, Ohio 43756, in Morgan County, Ohio ("disputed property").

{¶4}   Oh August 18, 1999, Appellant Kimberly Gilkey, wife of Appellant Carl Gilkey, executed a promissory note and mortgage with the First National Bank of Southeastern Ohio, Chesterhill office, in the amount of $55,302.

{¶5}   On January 11, 2001, Appellants and Russell Farley entered into a Land Contract, which was recorded in the Official Records of Morgan County on January 25, 2002. The land contract was for the disputed property in exchange for $53,000.

{¶6}   On April 22, 2009, Appellants filed for Bankruptcy in United States Bankruptcy Court for the Southern District of Ohio. They listed the disputed property as an asset.

{¶7}   Russell Farley filed a motion in the bankruptcy proceeding claiming the disputed property was not Appellant's property to surrender, and Peoples Bank had no claim to terminate and sell the property.

{¶8}   On September 23, 2010, the bankruptcy case was closed and the disputed property was not surrendered to Peoples Bank. Appellant Kimberley Gilkey was not discharged her obligation on the Promissory Note.

{¶9}   Appellee and Harold Tucker were in a romantic relationship and lived together at 1996 E. State Route 60 NW, McConnelsville, Ohio 43756 from February of 2010 until August of 2012 and then at 1998 E. State Route 60 NW, McConnelsville, Ohio 43756 until September of 2016.

{¶10}  In January of 2011, Appellee and Tucker entered into an agreement with Russell Farley to transfer and convey the property to Appellee and Tucker if they made all mortgage payments in dispute on behalf of Russell Farley.

{¶11}  From February 2, 2011 through January 2, 2015, Appellee and Tucker made mortgage payments to Peoples Bank, paying off the mortgage in full.

{¶12}  Appellants made no payments themselves on the mortgage. Appellants were unaware payments were being made on the mortgage until they received a Release and Satisfaction of Mortgage notification. Appellants did not pay property taxes on the property since 2011.

{¶13}  Upon receipt of the Release and Satisfaction of Mortgage notification, Appellants attempted to reenter the property and take possession. They refused to execute and deliver a warranty deed to Appellee and/or Russell Farley.

{¶14}  On September 27, 2016, Appellants filed a complaint to forcible entry and detainer and money in Morgan County Court seeking to evict Appellee and Tucker. The court found Russell Farley was a necessary party to the action, and that the court was required to transfer the case to the Morgan County Court of Common Pleas.

{¶15} After transfer to the Court of Common Pleas, Appellants dismissed the action.

{¶16} On January 11, 2018, Russell Farley died before he made the transfer of property to Appellee.

{¶17} On May 2, 2018, the Morgan County treasurer filed an answer to the complaint.

{¶18} On June 26, 2018, Appellee filed an amended complaint for quiet title, permanent injunction, conversion, declaratory judgment, and unjust enrichment.

{¶19} On June 27, 2018, Diana Castle, the administrator of the Russell H. Farley estate, filed an answer to the amended complaint.

{¶20} On July 24, 2018, Appellants filed an answer to the amended complaint. Harold Tucker, III never appeared in this action. The Morgan County treasurer never filed an answer to the amended complaint.

{¶21} On October 10, 2018, Appellee filed a motion for summary judgment on counts 1, 4, and 5 of the amended complaint.

{¶22} On November 8, 2018, Appellants filed a brief in opposition to Appellee's motion for summary judgment.

{¶23} On March 8, 2019, Harold Tucker died.

{¶24} On March 13, 2019, the Court dismissed the Estate of Russell Farley as a party to the action.

{¶25} On April 16, 2020, the Morgan County Court of Common Pleas held a bench trial on the matter.

{¶26} At trial, Appellee testified that Russell Farley's estate had prepared a quitclaim deed, deeding over any interest he had in the property, and that she believed once the mortgage payments were completed it was Russell Farley's intent to transfer ownership of the property to Harold Tucker and Appellee. Appellee also testified that she paid the real estate taxes during the time they lived at the disputed property, and that she put money in Harold Tucker's bank account to help pay the mortgage each month.

{¶27} Next, Appellant Carl Gilkey testified Russell Farley never approached him about assigning the contract to Harold Tucker or Appellee.

{¶28} Appellant Kimberly Gilkey also testified she did not provide consent for Russell Farley to assign the contract to Harold Tucker or Appellee. Appellant Kimberly Gilkey testified that after Russell Farley took over the mortgage payments, she did not make any payments to the bank, and that she did not pay property taxes on the property taxes from 2016 to 2018.

{¶29} In a journal entry dated November 9, 2020, the Morgan County Court of Common Pleas ordered Appellee be declared the owner of the disputed property.

**ASSIGNMENT OF ERROR**

{¶30} On December 9, 2020, Appellant filed a notice of appeal raising the following Assignment of Error:

{¶31} "I. THE TRIAL COURT ERRED RULING IN FAVOR OF APPELLEE, WHEN THE ASSIGNMENT OF THE LAND CONTRACT DID NOT COMPLY WITH THE STATUTE OF FRAUDS; THE ASSIGNMENT BREACHED THE EXPRESS LAND CONTRACT LANGUAGE ITSELF; AND PRIVITY OF CONTRACT BETWEEN APPELLEE AND APPELLANTS DID NOT EXIST."

**I.**

**{¶32}** In Appellants' Assignment of error, Appellants argue that the trial court erred by granting ownership of the disputed property to Appellee. We disagree.

### a. Applicability of the Statute of Frauds

**{¶33}** The first issue Appellants raise is that if the assignment of the land contract from Russell Farley to Appellee and Harold Tucker did not comply with the Statute of Frauds, then such no contract exists.

**{¶34}** The statute of frauds states that no action can be brought upon an agreement on the sale of land unless the agreement is in writing and signed by the party to be charged therewith. R.C. 1335.05. The statute of frauds bars a party from enforcing an oral agreement falling within the statute. *FirstMerit Bank, N.A. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶22. The term "party" refers to a party to the contract. *Blain's Folding Serv., Inc. v. Cincinnati Ins. Co.*, 8th Dist. No. 105913, 2018-Ohio-959, 109 N.E.3d 177, ¶4. "A defense under the statute of frauds is personal to the parties to the transaction and cannot be availed of by third parties." *Texeramics v. United States*, 239 F.2d 762, 764 (5th Cir.1957), *Legros v. Tarr*, 44 Ohio St.3d 1, 8, 540 N.E.2d 257 (1989).

**{¶35}** In *Blain's Folding Service, Inc. v. Cincinnati Insurance Company*, the court found that defendant-appellee Dane Contractors, Inc., had "no standing to question the enforceability of any contract that Blain's made with a third party" and that Dane cannot "avail itself of the affirmative defense to claim that a contract is unenforceable." *Blain's Folding Serv., Inc. v. Cincinnati Ins. Co.*, 8th Dist. No. 105913, 2018-Ohio-959, 109

N.E.3d 177, ¶5, *Legros v. Tarr*, 44 Ohio St.3d 1, 8, 540 N.E.2d 257 (1989) citing *Bradkin v. Leverton*, 26 N.Y.2d 192, 199, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970).

**{¶36}** In the case *sub judice*, Appellants were not a party to the contract between Russell Farley and Appellee. Therefore, they are unable to avail themselves of a statute of frauds defense. There is no merit in the argument that the statute of frauds prevented Appellee from quieting title to the disputed property.

### b. Appellants and Appellee were not in privity of contract and Russell Farley was forbade from assigning his rights under the land sale contract

**{¶37}** Appellants argue that Appellants and Appellee were not in privity of contract. Appellants further contend that the contract Appellants signed with Russell Farley contained an anti-assignment clause, so any assignment of Russell Farley to Appellee would be invalid. Therefore, the question before us is whether Russell Farley breached his contract with Appellants causing Appellants damage by conveying his interest in the property to Appellee and Harold Tucker.

**{¶38}** Ohio enforces anti-assignment clauses where there is clear contractual language prohibiting an assignment. *J.D. Wentworth, LLC v. Otisha Christian, et al.,* 7th Dist. Mahoning 07MA113, 2008-Ohio-3089, ¶40. To recover on a breach of contract claim, the claimant must prove not only that the contract was breached, but that the claimant was thereby damaged. *Munoz v. Flower Hosp.* (1985), 30 Ohio App.3d 162, 168, 30 OBR 303, 309-310, 507 N.E.2d 360, 366. "Generally, a party injured by a breach of contract is entitled to his expectation interest or 'his interest in having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed.' " *Rasnick v. Tubbs*, 126 Ohio App.3d 431, 437, 710 N.E.2d 750, 753-

54 (3rd Dist.1998), citing Restatement of the Law 2d, Contracts (1981) 102-103, Section 344.

{¶39} In the case *sub judice*, Appellants agreed to sell the disputed property to Russell Farley, who then agreed with Appellee and Mr. Tucker that if Appellee and Mr. Tucker took over the mortgage payment to the bank, he would deed the disputed property to them. Appellants have not alleged that they did not receive the benefit of any bargain struck or that they were not in the same position as they would have been had Russell Farley made the required payments. Appellants have not demonstrated or alleged that they did not receive the benefit of their bargain. They do not contest that the mortgage was paid off by Russell Farley, Harold Tucker, and Appellee. Therefore, even if we assume Russell Farley breached the anti-assignment clause of the contract, the trial court properly ruled in favor of Appellee absent proof Appellants were damaged.

{¶40} Appellants' sole Assignment of Error is overruled.

{¶41} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed.

By: Wise, J.

Baldwin, P. J., and

Hoffman, J., concur.

JWW/br 0805