[Cite as *TLOA Acquisitions, L.L.C. v. Unknown Heirs of Wagner*, 2021-Ohio-3678.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TLOA ACQUISITIONS, L.L.C.,  :

    Plaintiff-Appellant,  :

                                          No. 110002

    v.  :

UNKNOWN HEIRS OF ROOSEVELT  :
WAGNER SR., ET AL.,

                         :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 14, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-854179

---

### *Appearances:*

Sandhu Law Group, L.L.C., and David T. Brady, *for appellant*.

Law Office of Paul B. Bellamy, J.D., Ph.D., and Paul B. Bellamy, *for appellee*.

---

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant TLOA Acquisitions L.L.C. ("TLOA") appeals the trial court's September 3, 2020 journal entry adopting the magistrate's July 17, 2020 decision finding there was an enforceable agreement between TLOA and appellee

Kathina Vauss ("Vauss"). For the reasons that follow, we affirm the court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} The facts of this case were established during the bench trial and are undisputed. This case centers around payments made to resolve an *in rem* tax certificate foreclosure for the premises located at 4832 East 135th Street, Garfield Heights, Ohio. The property was owned by Roosevelt Wagner, Sr., Vauss's deceased father. Because of protracted probate litigation after his death, the taxes for the property had been unpaid for several years. On November 11, 2015, TLOA's predecessor-in-interest, Woods Cove III, L.L.C. ("Woods") filed a tax certificate foreclosure action to enforce two tax certificates for the delinquent taxes it held against the premises.

{¶ 3} On August 22, 2016, Vauss negotiated a payment plan over the telephone with Woods's servicer, Davenport Financial, to pay off the delinquent taxes as well as costs, interests, and attorney fees for filing the foreclosure action. At that time, Vauss agreed to pay $2,000 in a down payment over the phone and to a 36-month payment plan of $755.42 a month to pay off the remaining balance. She also agreed at that time not to object to Woods getting a judgment in the foreclosure case, and Woods agreed to refrain from executing the judgment with a sheriff sale of the property as long as she continued to make timely payments. Vauss testified regarding her handwritten notes from that day that detailed these terms. No additional terms or narrative agreement were discussed.

{¶ 4}  One month later, sometime in September 2016, Vauss received a redemption payment package from Woods in the mail containing a cover letter and a written agreement with an authorization agreement form for electronic ACH payment, which detailed the above payment schedule.  The written agreement contained the terms they had discussed, but it also contained additional terms not discussed.  Vauss did not sign nor return the written agreement; however, she did sign the ACH form and returned it.  No payments were debited from her account for the first two months, so Vauss called Davenport Financial again.  They told her they had not received the ACH form.  They never mentioned not receiving the written agreement.  They resent the ACH form that she signed and sent back with its payment schedule.  At no point did anyone follow up with her regarding the unsigned written agreement or insist it had to be returned or there would not be an agreement.

{¶ 5}  Vauss testified and presented evidence that from September 2016 to January 2018, payments were debited from her account from Davenport Financial pursuant to the oral agreement and the written payment schedule.  She testified that as of January 2018, she had paid $14,848.14 and that she had a remaining balance of $10,400.60.  In January 2018, Vauss received notice that the tax certificates for the property had been assigned to TLOA.  At that time, she contacted Davenport Financial and Woods and was told that her December 2017 and her January 2018 payments had been forwarded to TLOA as they intended to honor her agreement with Woods/ Davenport Financial.  Vauss called TLOA and corresponded via email

regarding her prior payment agreement for the tax certificates. TLOA's responses reflected that they were aware of the agreement.

{¶ 6} Vauss testified it was her intent to continue with the payment plan and to make a payment in February 2018. On February 1, 2018, she had a telephone conversation with TLOA. Subsequently, she received a letter from the Sandhu Law Firm with a pay-off letter quote effective through January 2018. The quote included a charge of $2,883.51 in attorney fees in addition to the outstanding payment plan balance. Vauss testified regarding subsequent pay-off quotes she received from the law firm that added additional attorney fees.

{¶ 7} On February 13, 2018, TLOA was substituted as the plaintiff in this matter. On June 22, 2018, Vauss retained counsel and filed a motion for leave to file supplemental claims, pursuant to Civ.R. 15(E), in which she requested the court enforce the agreement, but also alleged breach of contract, promissory estoppel, and conversion claims against TLOA. The trial court granted this motion. On November 14, 2018, Vauss filed a motion for leave to file summary judgment regarding her supplemental claims, which the court granted and deemed the motion filed the next day. The court subsequently denied the motion for summary judgment on September 4, 2019, finding that while it was undisputed there was an agreement between Vauss and Woods, there were still material issues of fact to be determined regarding the terms of the payment plan.

{¶ 8} Trial on Vauss's supplemental claims was conducted on October 28, 2019. Vauss testified regarding the terms of the oral agreements and her

performance under the agreement, and she submitted exhibits to support her testimony, which included the payment schedule. On July 17, 2020, the magistrate issued a decision with detailed findings of fact and law based on the testimony heard and the exhibits accepted at the trial. The magistrate held there was an enforceable oral contract between TLOA and Vauss and required Vauss to pay off the remaining balance under her initial agreement, which was $10,400.60. The court also ordered TLOA to provide Vauss with the tax certificates for the premises upon receipt of these funds. On July 31, 2020, TLOA filed objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i) and stated the following four objections:

> The Magistrate's Decision conflicts with previous final judgment entries entered within the case, which remain in effect and have not been vacated;

> No oral contract existed between the parties—the written, unsigned contract controlled the duties between the parties;

> The existence of the written payment plan should have defeated the Promissory Estoppel claim;

> Even if there were a contract, Defendant, [Vauss], was in breach of the contract and TLOA's claims should be allowed to proceed.

TLOA did not state any objections regarding the statute of frauds, the amount Vauss was ordered to pay, or that interest should be applied to Vauss's alleged remaining balance since her last payment. Vauss also filed an objection to the magistrate's decision on August 10, 2020, where she alleged the magistrate failed to consider her conversion claim.

{¶ 9} On September 3, 2020, the court overruled these objections and adopted the magistrate's July 17, 2020 decision finding there was an enforceable

contract between Vauss and TLOA and that her equitable claim for promissory estoppel had merit as well. The court adopted the magistrate's orders for Vauss to pay the remaining balance of $10,400.60 and for TLOA to provide the tax certificates upon receipt of the funds.

{¶ 10} TLOA now appeals the trial court's September 3, 2020 journal entry adopting the magistrate's decision and asserts the following two assignments of error:

> I. The Trial Court erred as a matter of law in finding that an oral contract existed between the parties — the written, unsigned contract controlled the duties between the parties as it was required to be in writing under the Statute of Frauds.

> II. The Trial Court erred as a matter of law in ceasing the accrual of interest in January 2018, when the debt was not redeemed pursuant to relevant statute and Appellee breached the agreement.

## LAW AND ANALYSIS

{¶ 11} The standard of review for an appeal from a bench trial has been succinctly stated by this court in *3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, 69 N.E.3d 1083, ¶ 19 (8th Dist.):

> In a civil appeal from a bench trial, we apply a manifest weight standard of review, guided by a presumption that the trial court's findings are correct. *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984). A judgment supported by some competent, credible evidence going to all the material elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. Where, however, the trial court's decision is based upon a question of law, we review the trial court's determination of that issue de novo. *See, e.g., Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34 ("Courts review questions of law de novo."). "A finding of an error of law is a legitimate

ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal* at 81.

In support of its first assignment of error, TLOA asserts the oral agreement does not comply with the statute of frauds such that the terms of the Woods's written unexecuted agreement sent to Vauss should control. It further asserts that this unexecuted written agreement should bar Vauss's equitable claim for promissory estoppel and that the court should have found Vauss in breach of the written agreement. These are questions of law, and therefore, our review shall be de novo. *Id.*

{¶ 12} The statute of frauds states that no action can be brought upon certain agreements as listed in R.C. 1335.05 unless the agreement is reduced to writing. *Blain's Folding Serv. v. Cincinnati Ins. Co.*, 2018-Ohio-959, 109 N.E.3d 177, ¶ 3 (8th Dist.). TLOA is correct that one such type of agreement listed is "a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * *," which may apply to the specific agreement here regarding the tax certificates because it concern one's interest in land. However, we need not reach this issue because in this case, the statute is not applicable on separate grounds.

{¶ 13} TLOA failed to object to the magistrate's decision regarding its finding that the statute of frauds did not apply, as required by Civ.R. 53(D)(3)(b)(i), which "[] imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's

decision." *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 13.  Civ.R. 53(D)(3)(b)(iv) states that:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

*Id.*  Therefore, "'when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.'"  *Id.* at ¶ 14, citing *Mayiras v. Sunrise Motors Inc.*, 9th Dist. Summit No. 27931, 2017-Ohio-279, ¶ 16, quoting *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6.

{¶ 14} In this case, TLOA detailed four specific objections to the magistrate's decision, none of which alleged the statute of frauds applied.  Therefore, TLOA has forfeited the right to raise this issue as an error on appeal.  *Id.*  Further, TLOA has not claimed plain error regarding this issue.  Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are only found in extremely rare cases with exceptional circumstances requiring its application to avoid a manifest miscarriage of justice.  *Macintosh Farms Community Assn. v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263, ¶ 8, citing *Reichert v. Ingersoll,* 18 Ohio St.3d 220, 223, 480 N.E.2d 802 (1985).  Upon our review of the record, it was not plain error for the trial court to find the statute of frauds did not apply to this agreement.

{¶ 15} First, the statute of frauds is an affirmative defense for the party against whom the unwritten agreement is being enforced and if not pleaded in an answer to a responsive pleading, this defense is deemed waived. *Blain's Folding Serv. v. Cincinnati Ins. Co.*, 2018-Ohio-959, 109 N.E.3d 177, ¶ 3 (8th Dist.) ("The statute of frauds is an affirmative defense, *see* Civ.R. 8(C), that is waived if not pleaded in an answer to a responsive pleading."), citing *Houser v. Ohio Historical Soc.,* 62 Ohio St.2d 77, 79, 403 N.E.2d 965 (1980); *DG Indus., L.L.C. v. McClure,* 7th Dist. Mahoning Nos. 11 MA 59 and 11 MA 69, 2012-Ohio-4035, ¶ 18. There is no evidence in the record, nor is it asserted anywhere by TLOA, that it ever pled this affirmative defense, which means even if the defense was applicable and not forfeited on appeal, it had already been waived at the time of the magistrate's decision. *Id.*

{¶ 16} Second, even if not forfeited and waived, the statute of frauds would not apply here regardless because of the equitable doctrine of partial performance, an exception to the statute of frauds. The doctrine "is applied in situations where it would be inequitable to permit the statute of frauds to operate and where the acts done sufficiently establish the alleged agreement to provide a safeguard against fraud in lieu of the statutory requirements." *3637 Green Rd. Co.*, 2016-Ohio-5324, 69 N.E.3d 1083, at ¶ 33, *see, e.g., Crilow v. Wright*, 5th Dist. Holmes No. 10 CA 10, 2011-Ohio-159, ¶ 47 (holding the part performance of an oral contract for the sale of real estate can be sufficient to remove the contract from the operation of the statute).

{¶ 17} Partial performance sufficient to remove an agreement from the operation of the statute of frauds '""must consist of unequivocal acts by the party relying upon the agreement which are exclusively referable to the agreement."'" *Id.*, quoting *U.S. Bank N.A. v. Stewart*, 7th Dist. Columbiana No. 12 CO 56, 2015-Ohio-5469, ¶ 27, quoting *Delfino v. Paul Davies Chevrolet, Inc.,* 2 Ohio St.2d 282, 286-287, 209 N.E.2d 194 (1965). "The party asserting part[ial] performance must have undertaken acts that 'changed his position to his detriment and make it impossible or impractical to place the parties in status quo.'" *Bear v. Troyer*, 5th Dist. Guernsey Nos. 15 CA 17 and 15 CA 24, 2016-Ohio-3363, ¶ 33, quoting *Delfino* at 287; *see also LHPT Columbus The, L.L.C. v. Capitol City Cardiology, Inc.*, 2014-Ohio-5247, 24 N.E.3d 712, ¶ 35 (10th Dist.).

{¶ 18} The undisputed facts of this case, established during the bench trial, indicate that Vauss made unequivocal acts by making monthly payments pursuant to a payment schedule with Woods. These acts exclusively refer to the oral agreement and could not refer to anything else. *3637 Green Rd. Co.* at ¶ 33. Further, Vauss's partial performance in making these payments changed her position to her detriment as she has lost not only money but the opportunity to clear her deceased father's property of any unpaid tax issues. *Id.* Therefore, even if the statute of frauds defense was not forfeited or waived and applied to this case, the doctrine of partial performance would apply to prevent the agreement from being barred by the statute.

{¶ 19} Therefore, because TLOA forfeited this issue on appeal and there are several reasons for the statute of frauds not to apply in this case, we find no plain error in the magistrate's decision that the agreement was not barred by the statute of frauds. TLOA's first assignment of error is overruled.

{¶ 20} TLOA's second assignment of error alleges the trial court erred by determining the accrual of interest did not continue after January 2018. In support of this error, TLOA alleges R.C. 5721.38 requires the payment of interest to redeem tax certificates and that Vauss's failure to continue to make payments after TLOA denied her agreement with Woods makes her liable for interest accrued during the pendency of litigation. TLOA cites no legal authorities to support these arguments, nor does it address the fact that, just as with its first assignment of error, it failed to raise this issue in its objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b)(i). TLOA therefore waived all but plain error on appeal. *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 14 ("""when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.""""), quoting *Mayiras v. Sunrise Motors Inc.*, 2017-Ohio-279, 81 N.E.3d 937, ¶ 16 (9th Dist.), quoting *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6.

{¶ 21} In our review of the record for this issue, we find no plain error in the magistrate's decision. "The general measure of damages for breach of contract is the amount necessary to place the non-breaching party in the position he or she would

have been had the breaching party fully performed under the contract." *W & W Dev. Co. v. Hedrick*, 8th Dist. Cuyahoga No. 73965, 1999 Ohio App. LEXIS 1679, 18-19 (Apr. 15, 1999), citing *F. Ents., Inc. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154, 159, 351 N.E.2d 121 (1976). Therefore, it was not plain error for the court to order Vauss to only pay the agreed upon remaining balance.

{¶ 22} The revised code section cited by TLOA, R.C. 5721.38, governs the payments required to be made to the county treasurer to either initiate foreclosure proceedings or redeem a tax certificate from a certificate holder. Nothing in this statute requires or even suggests TLOA is entitled to payment of any outstanding additional interest accrued during litigation for its refusal to honor the agreement in this case.

{¶ 23} Therefore, because TLOA failed to object to the magistrate's decision regarding this issue and because there is no plain error found in the court's award, we overrule TLOA's second assignment of error.

{¶ 24} The judgment of the lower court is hereby affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR